**J. W. WATKINS, Appellant,**

**v.**

**Walter R. DAVIS, Appellee.**

**No. 15351.**

Court of Civil Appeals of Texas.

Dallas.

Dec. 20, 1957.

Rehearing Denied Jan. 17, 1958.

Leachman, Gardere, Akin & Porter, and J. Carlisle DeHay, Jr., Dallas, for appellant.

Yarborough, Yarborough & Johnson, Donald V. Yarborough, Dallas, for appellee.

YOUNG, Justice.

This is a damage action brought by appellee on allegations of personal injuries sustained when an idling one-half ton Ford Truck, owned and operated by Glenn Reeves, a third party, suddenly moved forward from a parked position and crashed through the open front of appellant's drive-in grocery store, pinning plaintiff, a customer, against the rear wall. Upon jury answers to issues submitted, the trial court rendered judgment for plaintiff in sum of $450, from which this appeal is taken.

The court overruled defendant's motion for instructed verdict made at close of testimony in behalf of plaintiff; the issues presented and answers thereto being in substance: That plaintiff had sustained personal injuries while in the store of defendant Watkins; that the failure of defendant to have a concrete curb in front of his store on the occasion in question was negligence and a proximate cause of plaintiff's injuries; but that the failure to have a guard rail in front of store was not negligence; failure of defendant's employee to warn plaintiff of entrance of truck into the store was not negligence; the acts and omissions of truck driver Reeves were not the sole proximate cause of plaintiff's injuries; said injuries were not sustained as a result of an unavoidable accident. Damages were assessed in the amount just stated.

Plaintiff's suit had first included as parties-defendant Henry R. Stern, owner of the lot on which the grocery store was located, and Jacob E. Decker & Sons, Inc., employer of Glenn Reeves, the truck driver, but were all eliminated on special instructions. Reeves, the truck owner, was not made a party to the suit.

Defendant Watkins was the proprietor of this drive-in store, setting 35' back from Lemmon Avenue on a 50' lot. The building was some 14' deep, 30' wide, with an 18' opening on the street side that could be closed by accordion-like doors. Floor of the store was concrete on a level with street, intervening space paved with asphalt for parking use by customers. There was no curbing or barrier separating the parking area from front of store; however an ice box containing beer, 4' x 8' in size, weighing, when filled, around 2,000 lbs., was located some eight feet from the store front. Glenn Reeves, with wife and child, had turned into the store parking area and stopped; getting out of his truck to make

a purchase, leaving engine running as he remembered. He was thus engaged when his truck suddenly lunged forward and crashed into the store; pushing everything before it—ice box, show case, cash register, adding machine, etc.—a considerable distance, striking plaintiff and inflicting painful injuries. Weight of the offending truck was estimated by its owner at between 3,200 and 3,300 lbs., the mishap taking place on evening of March 7, 1953.

Appellant's three points may be considered together; contending simply that under the foregoing undisputed facts his motion for instructed verdict should have been sustained. In short, that as a matter of law his failure to have a concrete curb in front of store was not a proximate cause of plaintiff's injuries, bearing in mind the court's definition of the term as "that cause which, in its natural and continuous sequence, unbroken by any new independent cause, produces an injury, and without which cause, the injury would not have occurred, and which injury, or some similar injury, would have been reasonably foreseen by a person of ordinary care in the light of the attending circumstances." Appellee in counter-point takes the opposite view.

■ Above assertion of negligence as against the proprietor of a "drive-in" store in the respect named has not been heretofore the subject of review by an Appellate Court, so far as we can determine. Notwithstanding this, a general discussion of rights and duties as between the parties under the circumstances is deemed irrelevant other than to point out that defendant proprietor owed to plaintiff, an invitee, the duty of exercising ordinary care to maintain his premises in a reasonably safe condition. Manifestly, the alleged act or omission, whether negligent or not, must turn on the facts of the particular case. Pertinent here, plaintiff had alleged negligence on part of defendant "in failing to have a concrete curb in front of said store in order to stop or retard the move-

ment of motor vehicles into the store"; the jury having found that the defendant was not at fault in failing to provide a hand rail.

■■ The following rules have bearing upon the issues here involved: (1) That as stated in Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352, 355, "The two elements or tests of proximate cause are causation and the limitation to foreseeable consequences. As to causation, it is said that if the defendant's act or omission was a substantial factor in bringing about the result, it will be regarded as a cause, and that ordinarily it will be such a substantial factor if the result would not have occurred without it." (2) "Causal connection must appear before any question of legal or proximate cause can properly arise; that is to say, there can be no legal or proximate cause unless there is causal connection in fact. In order to establish causal connection and a foundation for legal and proximate cause, the negligent act or omission must have been such that without it the injury would not have occurred, this rule or test being known as the sine qua non rule. A negligent act or omission at or before the time of an injury which would have occurred even in the absence of such negligence cannot be regarded as the cause in fact of the injury, and, a fortiori, cannot be regarded as the proximate or legal cause of the injury or a substantial factor in bringing about the injury." 65 C.J.S. Negligence § 106, pp. 655, 656. Jennison v. Darnielle, Tex.Civ.App., 146 S.W.2d 788. An application of these principles to the facts at hand, will establish, in our opinion, that appellant's motion for instructed verdict should have been sustained.

■ In the first place, plaintiff-customer was in no position to complain of lack of concrete curb as protection from a motor vehicle moving into the store. Although fortuitously, defendant had already provided a much more formidable barrier to the forward movement of the Reeves truck, but to no avail (ice box, 4' x 8', of 1,500

lbs. weight); the undisputed facts demonstrating conclusively, we think, that the same damages would have been inflicted, despite the curbing contemplated by issue No. 2.

■ But if we be mistaken in the application hereto of above rule of causation, then the record facts are lacking in the essential element of foreseeability. "It has been held in many cases that a wrongdoer is not responsible for a consequence which is merely possible, according to occasional experience, but only for a consequence which is probable, according to ordinary and usual experience. The natural and probable consequences are those which human foresight can foresee, because they happen so frequently that they may be expected to happen again." Franklin v. Houston Elec. Co., Tex.Civ.App., 286 S.W. 578, 580 (quoting from 22 R.C.L. 124). See Dallas Railway & Terminal Co. v. Hendrix, Tex.Civ.App., 261 S.W.2d 610; also City of Dallas v. Maxwell, Tex.Com.App., 248 S.W. 667, 673, 27 A.L.R. 927 (adopted by Supreme Court) and Annotations, page 942, headed Automobiles Beyond Control, as supplemented in 86 A.L.R. at page 1405, 173 A.L.R. at page 648. While in City of Dallas v. Maxwell, supra, the negligence charged was lack of a barrier to prevent an unmanageable automobile from plunging into a ravine adjacent to the street, the same general principle of nonforeseeability is controlling of the situation at hand; the court holding in Maxwell's case that: "The breaking of the steering gear, and not the failure to erect a barrier, was the proximate cause of the injuries sued for, in our opinion. In fact, we think the lack of barrier was, in legal contemplation, not a cause at all, but merely a fortuitous condition. * * We are not unmindful of the obvious fact that·motor-driven vehicles do become defective and unmanageable, that horses and other animals become frightened and control over them is lost, and that drivers are sometimes negligent, and accidents more or less serious result. In a sense all such occurrences are foreseeable. *But, when not brought about by some defects in the highway,* they are not incident to ordinary travel, and do not happen as a result of the ordinary use of highways—that use for which they were designed. When and where they may happen and the attendant consequences are matters of the barest chance and purest speculation. If in contemplation of law they were foreseeable, and therefore to be guarded against, then no limitation could be set to mark the bounds of a city's duty in the construction and maintenance of its highways. These occurrences might take place anywhere at any time, and to impose liability for their harmful results would in effect make the municipality an insurer of the traveler's safety. * * * (Emphasis ours.) The weight of authority, which to our mind is in accord with sound principles, is to the effect that, where the injury to the traveler results from loss of entire control and direction of an animal or machine, the occurrence falls within the domain of the unusual and extraordinary, and therefore, in contemplation of law, of the unforeseeable. Of course, this holding has no application to those cases in which some defect in the street was a contributing cause toward rendering the animal or machine uncontrollable." And there is no contention here that lack of a curb in front of defendant's store in any wise ·contributed to the initial forward movement of the Reeves truck.

■ Above doctrine of unforeseeable consequences is likewise deemed applicable here. For a holding of liability under the instant facts and circumstances would render appellant an absolute insurer of appellee's safety as an invitee on the former's store premises, which duty, of course, the law does not impose.

The trial court erred in failing to sustain motion for an instructed verdict. The judgment under review must accordingly be reversed and here rendered in favor of appellant Watkins.

Reversed and rendered.