484 So.2d 192 (1986)
Louis MAYEUR
v.
TIME SAVER, INC.
No. CA 2549.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1986.
Dissenting Opinion March 20, 1986.
*193 Frederick R. Campbell, Michael E. Holoway, McGlinchey, Stafford, Mintz, Cellini & Lang, PLC, New Orleans, for defendant-appellant.
James W. Brodtmann, Richard A. Tonry, Chalmette, for plaintiff-appellee.
Haley, McNamara, Hall, Larmann & Papale, Kevin L. Cole, Metairie, for Gen. Accident Fire & Life Assurance Corp.
Before GARRISON, BYRNES, CIACCIO, LOBRANO and WARD, JJ.
CIACCIO, Judge.
Plaintiff was injured on April 5, 1982, as he was about to enter a Time Saver Store located in the City of New Orleans, when a car driven by Joyce Crumedy jumped the curb, travelled across the walkway and pinned plaintiff against the door frame. A jury rendered a verdict in plaintiff's favor, assessing fault at 75% to Ms. Crumedy and 25% to Time Saver. Time Saver appeals, arguing that it should not be held liable for plaintiff's injuries. Plaintiff appeals, arguing that the trial court erred by rendering judgment against Time Saver for only 25% of the amount awarded by the jury. Plaintiff's employer's workers' compensation insurer has filed motions and briefs in this courtit was not a party in the district court proceedingsseeking permission to intervene and praying that it be indemnified from the proceeds of any award in favor of plaintiff for the amount of compensation benefits it has paid. Plaintiff settled his claim against the Crumedys prior to trial.
We hold that Time Saver is not liable for plaintiff's injuries, and therefore we reverse the judgment of the district court. Consequently, we do not reach a discussion of the issues raised by plaintiff or the workers' compensation insurer.
The walkway in front of the Time Saver where plaintiff was injured is raised above the level of the surrounding parking lot by almost five inches. The raised concrete walkway extends across the entire front of the store. In the area of the entranceway to the store the walkway is approximately ten feet, four inches (10'4") wide from the doorway to the parking lot. Ms. Crumedy was travelling slowly as she pulled into a designated parking spot between two other parked cars directly in front of, and perpendicular to the entranceway to the store. As she tried to stop her car in order to park, without warning the car's brakes failed to function. The car possessed enough forward momentum to carry it over the edge of the raised walkway and across the walkway to the entranceway. Plaintiff was pinned between the front of the car and the door frame. Neither the car nor the store entranceway suffered any damage.
Plaintiff argues that Time Saver breached its duty to provide a safe entranceway for its patrons. Plaintiff contends that because this accident happened and because the possibility of similar accidents is forseeable, Time Saver's entranceway is not safe. More particularly, plaintiff maintains that individual bumper curbs, posts, or some similar obstruction should be placed in front of the walkway as an effort to prevent similar mishaps.
Plaintiff does not allege, and we are not aware of any violation of any statute, ordinance or rule by Time Saver concerning the placement of barriers in front of the store. Negligence per se because of such a violation is, therefore, not at issue.
*194 Plaintiff also makes much of the fact that a car, under the operator's control, with its tires pulled up to the curb of the walkway will extend into the walkway area as much as three feet, eight inches (3'8"), thus making that area of the walkway near the curb dangerous. This point may be true, but it has nothing to do with the accident that caused plaintiff's injuries.
When an accident occurs and a landowner's liability is in question, the proper inquiry is, "whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others." Cates v. Beauregard, 328 So.2d 367 (La.1976); Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976). A storeowner, while obligated to take reasonable care of the store's patrons, is not the insurer of the patrons' safety. Butler v. K-Mart Corporation, 432 So.2d 968 (La.App. 4th Cir.1983).
Reasonable care in view of the probability of injury to others involves the element of forseeability in law. Many possibilities are forseeable in fact. The storeowner must protect patrons from the probability of injuries forseeable in law.
In a case in many ways similar to this one, both in facts and in law, a Florida appellate court found no breach of the duty of the storeowner and made the following observation:
Secondly, it cannot be contended with any degree of reason or logic that the owner of a store, by permitting automobiles to park perpendicularly to the curb in front of his entrance, or by failing to erect an impregnable barrier between the entrance of his store and an adjacent area where motor vehicles are driven and parked, should have anticipated that automobiles will be negligently propelled over the curb and across the sidewalk into the entrance of his store. We are not unmindful of the obvious fact that at times operators lose control over the forward progress and direction of their vehicles either through negligence or as a result of defective mechanisms, which sometimes results in damage or injury to others. In a sense all such occurrences are foreseeable. They are not, however, incidents to ordinary operation of vehicles, and do not happen in the ordinary and normal course of events. When they happen, the consequences resulting therefrom are matters of chance and speculation. If as a matter of law such occurrences are held to be foreseeable and therefore to be guarded against, there would be no limitation on the duty owed by the owners of establishments into which people are invited to enter. Such occurrences fall within the category of the unusual or extraordinary, and are therefore unforeseeable in contemplation of the law.
Schatz v. 7-Eleven, Inc., 128 So.2d 901, at 904 (Fla.App. 1st Dist.1961); quoted approvingly also in Spurlock v. Schwegmann Brothers Giant Supermarket, 475 So.2d 20 (La.App. 4th Cir.1985).
The Florida court cited a similar case from Texas: Watkins v. Davis, 308 S.W.2d 906 (Tex.Civ.App.1957). In the Texas case the defendant operated a drive-in food store, constructed with an open front entrance, the floor of which was level with the parking area separating the building from the street. No curb or barrier was erected between the building and the area where vehicles customarily parked perpendicular to the entrance. The Texas court held that the storeowner owed no duty to erect a barrier, that the likelihood of the truck in question being negligently permitted to run off the parking area and into the entrance of the store was not forseeable by the defendant as a matter of law, and that any negligence which might conceivably be imputed to defendant in failing to erect a barrier in front of the building would not have been the proximate cause of the injuries suffered by plaintiff.
The legal principles relied upon by the courts in Florida and in Texas in rendering their decisions are substantially the same rules applied in similar cases by the courts of Louisiana.
*195 To cast the analysis in the language of duty-risk currently used in this state: The storeowner owes a duty of reasonable care to provide for the safety of its patrons. Reasonable care requires the storeowner to protect against the probability of injuries foreseeable in law. That is, the risks encompassed within the scope of that duty include only those risks that are probable and foreseeable, not those risks which are merely foreseeable in fact as possible.
In our opinion, Time Saver's duty to provide its patrons a safe entranceway does not encompass the risk that a motorist will negligently drive her car from the parking lot, over the curb, across the walkway and into a patron about to enter the store. We so hold because we find that as a matter of law the circumstances of this accident are not probable and were not foreseeable by defendant. Consequently, we conclude that Time Saver did not breach any duty to plaintiff, and that any breach of the duty which might possibly be found would not be a legal cause of this accident.
At the close of the plaintiff's case and again at the end of the trial, Time Saver moved for a directed verdict. Both motions were denied by the trial court and the case was submitted to the jury. On appeal Time Saver argues that the court erred in denying its motions for a directed verdict. We agree.
In cases such as this where liability is determined by a duty-risk analysis, the following principle operates when deciding a motion for a directed verdict:
... the duty-risk element is a legal question to be determined by the court. Therefore, once the non-existence of the duty or the non-inclusion of the risk is established, a directed verdict is proper. This is so regardless of whether reasonable minds could differ on a factual question.

LeBlanc v. Wall, 430 So.2d 1130, at 1132-1133 (La.App. 1st Cir.1983), writ denied 438 So.2d 571 (La.1983).
The trial judge should have made the legal determination, applying a duty-risk analysis, that the risk of the harm which befell the plaintiff was not included within the scope of the duty that Time Saver owes its patrons. The trial judge should have, therefore, granted the motions for a directed verdict.
Accordingly, the judgment of the district court is reversed. Judgment is rendered in favor of Time Saver dismissing plaintiff's suit. Each party shall bear its own costs.
REVERSED.
GARRISON, J., dissents and will assign reasons.
GARRISON, Judge, dissents.
I strongly dissent.
In the instant case, Time Saver designed its parking lot aiming a parking space directly at the front door. Additionally, on that parking space, they placed a roll-over inclined curbing of the type used in aiding grocery store carts and wheelchairs to roll from sidewalk onto parking lots.
On the day of the accident, Joyce Crumedy had braked three times after entering the parking lot and was coasting at under five miles per hour, when she slid into the parking space and attempted to brake for the final time. Her brakes failed. The vehicle slowly "rolled-over" the "roll-over" curbing and tapped Mr. Mayeur, pinning him between the vehicle and the plate glass window behind him.
It is apparent that the car was moving at an incredibly slow rate of speed not only from the testimony, but also from the fact that not a speck of paint was chipped from the Crumedy vehicle nor a hairline fracture found in Time Saver's plate glass. Mr. Mayeur, however, was not so lucky.
It is further apparent that only a "tap" was needed to stop the vehicle's forward momentum. At its other stores, Time Saver has steel poles, barricades, and bumper curbs to stop just this sort of accidentbut not at this store. A bumper curb costs on the average $13.00. A $13.00 bumper curb would have prevented this accident.
*196 Instead, however, Mr. Mayeur was saddled with hospital, doctor, and medical bills of $144,981.46and all he did was walk out of a door.
Ms. Crumedy, like most Louisianians, had "10/20/10" insurance, thus $20,000.00 is the most that could have been recovered from her. Mayeur did in fact settle with Crumedy prior to trial.
Because Mayeur was working at the time of the accident, his employer's workmen's compensation insurer paid the medical bills as well as workmen's compensation of $146.47 a week (or $7,616.44 a year) for Mr. Mayeur to live on. Due to the period of time involved, the workmen's compensation payments eventually totaled $34,200.55. Thus Mr. Mayeur's employer's workmen's compensation insurerthe remotest person from the scenepaid $179,182.01.
The jury returned a $930,000.00 verdict finding Crumedy 75% at fault and Time Saver 25% at fault and Mr. Mayeur 0% at fault. There is, however, a vast difference between the jury verdict written on paper and what actually gets paid. Because of the percentages of fault involved, Time Saver argued that Crumedy owes 75% × $930,000 = $697,500.00 and Time Saver owes 25% × $930,000.00 = $232,500.00. Crumedy, of course, is judgment proof for that amount, and settled, thus Mayeur could only hope to recover $232,500.00. Out of this amount, however, the employer's workmen's compensation insurance company would recover the $179,182.01 that it has paid, leaving Mr. Mayeur with the "whopping" amount of ($232,500.00 $179,182.01) $53,317.99 to last him for the rest of his life. Thus Time Saver's insurance company would pay Mayeur's employer's workmen's compensation insurance company and Mr. Mayeur gets lost somewhere in the middle. Surely this cannot be considered an "adequate" award on its face. Additionally, the above argument ignores two critical facts:
1. Crumedy and Time Saver are joint tortfeasors and as such are liable together (in solido) to Mayeur for the whole amount. Thus Mayeur can go to Time Saver for the $910,000.00 he is still owed ($930,000.00 $20,000.00) and it is up to Time Saver to recover back against its co-defendant.
2. Mayeur is free from fault, having been found 0% at fault by the jury. Out of the parties involved, to force Mayeur and Mayeur's employer's workmen's compensation insurance company to absorb the loss would be tantamount to finding Mayeur at faultand all he did was walk out of a door.
Mayeur is an innocent victim twice-fold, by the accident in the parking lot, and by the machinations of comparative fault. He deserves better treatment than this.
In my considered judgment, this is not merely a case of "manifest error" but one clearly representing a gross injustice to the plaintiff.