503 So.2d 51 (1987)
Gladys Millet Wife of/and Vernon MILLET on Behalf of Their Minor Son, Shane MILLET
v.
Millord KNOCKUM, Alexander L. Collins Jr. and Dr. Ralph Lambert, Protective Casualty Insurance Company, Lil General, General Host Corporation and Kemper Insurance Company and Jefferson Parish.
No. 86-CA-495, 86-CA-496 and 86-CA-497.
Court of Appeal of Louisiana, Fifth Circuit.
February 9, 1987.
Writ Denied March 26, 1987.
*52 John C. Combe, Jr., Mark E. Seamster, J.R. Ward, Jr., New Orleans, for defendants-appellees.
Norman Mopsik, William LeGrand, New Orleans, for plaintiffs-appellants.
Before CHEHARDY, GAUDIN and DUFRESNE, JJ.
GAUDIN, Judge.
Various persons were injured on June 27, 1983 when they were patrons in or standing just outside a Little General convenience store. An automobile operated by an unlicensed driver jumped a six-inch sidewalk curb and crashed through a wooden barrier and into the store.
Named defendants, in subsequent litigation, along with others, were Little General Stores, a division of General Host Corporation, and its insurer. In due course, these defendants filed a motion for summary judgment, which was denied by the trial judge. On appeal to this Court, this ruling was overturned by supervisory writs. The district court then rendered judgment granting the motion for summary judgment and this appeal followed. We affirm.
Plaintiffs-appellants argue that Little General, in failing to warn and adequately protect customers, contributed to the injuries sustained.
As stated in the writ adjudication of this Court, however, and in accord with Mayeur v. Time Saver, Inc., 484 So.2d 192 (La.App. 4th Cir.1986), the instant plaintiffs have not made allegations giving rise to a material factual or legal issue.
In Mayeur, an automobile jumped the curb, travelled across a walkway and pinned the petitioner against a door frame. The Fourth Circuit stated "... that the risk of harm which befell the plaintiff was not included within the scope of the duty that Time Saver owes its patrons. The trial judge should have, therefore, granted the motions for a directed verdict."
There was a dissent in Mayeur at page 195, as follows:
"In the instant case, Time Saver designed its parking lot aiming a parking space directly at the front door. Additionally, on that parking space, they placed a roll-over inclined curbing of the type used in aiding grocery store carts and wheelchairs to roll from sidewalk onto parking lots.
"On the day of the accident, Joyce Crumedy had braked three times after entering the parking lot and was coasting at under five miles per hour, when she slid into the parking space and attempted to brake for the final time. Her brakes failed. The vehicle slowly "rolled-over" the "roll-over" curbing and tapped Mr. Mayeur, pinning him between the vehicle and the plate glass window behind him.
"It is apparent that the car was moving at an incredibly slow rate of speed not only from the testimony, but also from the fact that not a speck of paint was chipped from the Crumedy vehicle nor a hairline fracture found in Time Saver's plate glass. Mr. Mayeur, however, was not so luckly."
An appeal was taken to the Supreme Court of Louisiana, which denied writs proclaiming: "Result is correct." See Mayeur v. Time Saver, Inc., 486 So.2d 751 (La. 1986).
*53 If the Time Saver owner in Mayeur, under conditions spelled out in the Fourth Circuit dissent, could not be held accountable, we fail to see how the Little General Store in the matter now before this Court can be liable. The factual allegations in Mayeur were stronger and more likely to produce a favorable result for the injured patron.
We affirm the granting of the motion for summary judgment, with appellant to bear costs.
AFFIRMED.