503 So.2d 1083 (1987)
Stevie MIMS, Tutrix of Minor Angela Washington, Plaintiff-Appellant,
v.
Albert L. BRADFORD, et al., Defendant-Appellee.
No. 18473-CA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1987.
Writ Denied April 3, 1987.
Campbell, Campbell & Johnson by John C. Campbell, Minden, for plaintiff-appellant.
Mayer, Smith & Roberts by Richard G. Barham, Cook, Yancey King & Galloway by Charles G. Tutt, Shreveport, for defendant-appellee.
Before FRED W. JONES, NORRIS and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
A natural tutrix sued for injuries allegedly sustained by her minor daughter, who, approaching the entrance to a convenience store, was struck by a pickup truck which jumped the curb. Named as defendants were the minor driver of the truck and his father; the owner of the store property; *1084 the lessee of the store property; the operator of the store and its insurer.
The owner of the store property and the operator of the store, together with the latter's insurer, filed motions for summary judgment, which were sustained and plaintiff's suit dismissed as to these defendants.
Plaintiff appealed this judgment, contending the trial judge erred in failing to consider plaintiff's allegations that defendants-movers were strictly liable for her child's injuries because the store premises were defectiveunreasonably dangerous to normal use.
For the reasons hereinafter explained, we affirm the district court judgment.
Plaintiff's suit alleged that, at the time of the accident, the Jr. Food Mart of America was doing business in Minden in a building owned by Waller Oil Company, Inc. Laird and Vines, Inc. was alleged to be the operator of the convenience store, with The Travelers Insurance Company as its insurer. It was asserted that defendants were liable to plaintiff for failing to install a guard rail in front of the store, failing to adequately elevate the sidewalk in front of the store, and for faulty design of the store parking lot.
In support of the motion for summary judgment, the defendant property owner attached affidavits and photographs showing the walk in front of the convenience store to be about 3 feet 11 inches wide and elevated some 4½ inches above the parking lot. Plaintiff filed no affidavits contesting these asserted facts.
The granting of a motion for summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits filed, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
As between these parties, there does not appear to be any genuine issue as to a material fact. Assertions in the supporting affidavits with reference to width and elevation of the sidewalk in front of the convenience store are not contested. This leaves for determination the question of whether movers were entitled to summary judgment as a matter of law. Plaintiff argues that whether the store property was defective in design and construction is a question which must be resolved by the testimony of expert witnesses at the trial.
In Mayeur v. Timesaver, Inc., 484 So.2d 192 (La.App. 4th Cir.1986), the plaintiff was struck by an automobile as he was about to enter a convenience store. The car jumped a five inch concrete walkway in front of the store and pinned plaintiff against the door frame. Employing the duty/risk analysis, the court reasoned that the store's duty to provide its patrons a safe entrance way did not encompass the risk that a motorist would negligently drive his motor vehicle from the parking lot, over the curb and sidewalk, into a patron about to enter the store.
Plaintiff contends that Mayeur only addresses the question of duty and not that of a defect under La.C.C. Art. 2317.
The owner, or a person having custody, of immovable property has a duty to keep the property in a reasonably safe condition. This duty is the same under either the strict liability theory of La.C.C. Art. 2317 or under the negligence liability theory of La.C.C. Art. 2315. As explained in Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982)
"In a strict liability case ... the claimant is relieved only of proving that the owner knew or should have known of the risk involved. The claimant must still prove that under the circumstances the thing presented an unreasonable risk of harm which resulted in the damage (or must prove, as some decisions have characterized this element of proof, that the thing was defective). The resulting liability is strict in the sense that the owner's duty to protect against injurious consequences resulting from the risk does not depend on actual or constructive knowledge of the risk, the factor which *1085 usually gives rise to a duty under negligence concepts."
Consequently, if the doctrine of strict liability is held to apply, we would presume the owner's and operator's knowledge of the risk presented by the store property and then proceed to determine the reasonableness of the owner's and operator's conduct in the light of that presumed knowledge. In other words, under either the strict liability or negligence theory of liability, whether the owner and operator of the store property were at fault depends upon whether the condition of the property created an unreasonable risk of harm. This is a legal question. Goleman v. Kroger & Co., Inc., 462 So.2d 1330 (La.App. 3rd Cir.1985).
Knowledge of the condition of the store property is not an issue in this case. We presume that defendants knew of that condition. Therefore, the result will be the same under either theory of liability. The legal question is whether these defendants breached the duty of reasonable care owed to the store patrons.
We agree with the rationale of Mayeur, involving a similar factual situation, that defendants' duty did not encompass the risk that a motorist would drive his vehicle over the elevated sidewalk into a patron about to enter the store. Therefore, the trial judge correctly decided that the defendants were not at fault, and were entitled to a summary judgment as a matter of law.
For these reasons, we affirm the judgment of the district court, at plaintiff's cost.