615 So.2d 999 (1993)
Beatrice MARTIN
v.
WATSON'S GROCERY.
No. CA 91 2287.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
*1000 A. Wayne Stewart, Albany, for plaintiff.
R. Loren Kleinpeter, Baton Rouge, for defendant.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
EDWARDS, Judge.
In May, 1988, plaintiff, Beatrice Martin, a patron of Watson's Grocery, sustained injuries to her legs when she was struck, as she exited the store, by a vehicle driven by Tressie S. Tate. Tate's vehicle failed to stop in the parking area and Martin's legs were pinned between that vehicle and a soft drink machine which was in front of the store. Martin entered into a settlement agreement with Tate, and Tate's liability insurer for $10,000 (the limit on that policy) and with her own uninsured motorist insurer for $25,000 (the limit on that policy). Tate, her insurer, and Martin's uninsured motorist insurer were released from any further liability arising out of the accident. Plaintiff then filed this suit against Wayne Watson d/b/a Watson's Grocery alleging that Watson's failure to provide a sidewalk, curb, or other barrier in front of the grocery store and his failure to otherwise delineate a walkway between the parking lot and the store was negligence which caused her injuries. After a trial on the merits, the trial judge found Watson to be 10% at fault in causing the accident, and rendered judgment ordering Watson's Grocery and its insurer to pay 10%, or $17,018.48, of the damages awarded plaintiff for her injuries. Martin appeals that judgment claiming that the trial court erred in assessing only 10% of the fault to Watson's Grocery. Watson's Grocery answered the appeal and seeks reversal of the finding of any fault apportioned to it.
Under Louisiana law, a store owner is under a duty to take reasonable care for the safety of his patrons, but he is not the insurer of their safety. This duty extends to keeping the premises safe from unreasonable risks of harm or warning persons of known dangers. Rodriguez v. New Orleans Public Service, Inc., 400 So.2d 884 (La.1981); Crochet v. Hospital Service District No. 1 of Terrebonne Parish, 476 So.2d 516 (La.App. 1st Cir.), writ denied, 478 So.2d 1235 (1985).
There are no reported cases from this circuit which address the issue of a store owner's duty to protect its patrons from the type of accident which occurred in this case. There are, however, two Louisiana cases from other circuits which have held that the store owner's duty extends only to injuries foreseeable in law, and that the circumstances of this type of accident are neither probable nor foreseeable. In Mayeur v. Time Saver, Inc., 484 So.2d 192 (La.App. 4th Cir.), writs denied, 486 So.2d 751, 753 (1986), the plaintiff was pinned between a doorframe and a vehicle which crossed over a curb, across a walkway and into the entranceway of a convenience store. The fourth circuit reversed a jury's allocation of 25% fault to the store owner *1001 and held that the store owner's duty of reasonable care did not encompass the risk that a motorist would negligently drive a vehicle over a curb and across a walkway to the entranceway of the store. In Millet ex rel. Millet v. Knockum, 503 So.2d 51 (La.App. 5th Cir.), writ denied, 503 So.2d 1008 (1987), various persons were injured when a vehicle crossed a six-inch sidewalk curb and drove through a wooden barrier and into the store. The fifth circuit, following Mayeur, held that the store owner could not be held liable for unforeseeable injuries which were not within the scope of the duty owed to the store's patrons.
In deciding the present case, the trial court analyzed the Mayeur and Millet cases, as well as the two cases from foreign jurisdictions which were relied on by the court in Mayeur: Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla.App. 1st Dist.1961), and Watkins v. Davis, 308 S.W.2d 906 (Tex.Civ.App.1957). The trial court then decided that the present case is distinguishable from these cases on two significant factors: first, all four of these other establishments had some type of curb or elevated sidewalk while Watson's Grocery had nothing at all to separate or delineate the parking area from the store's entranceway; and secondly, in the present case, it was known to Mr. Watson (as revealed in his testimony) that in rainy weather his customers pulled up very close to the store, as he had a canopy overhanging the front of the store. In its reasons for judgment, the trial court stated:
None of the above cases is on all fours with the present factual situation. In all of the above decisions except for Watkins, there was at least provided for store patrons a sidewalk in front of the store which was elevated above the area of the parking lot. In Watkins, the size of the vehicle and the force of the blow would no doubt have caused damages and injuries even with a parking curb. In the present case, the lack of a sidewalk and some type of elevation, be it either simply the sidewalk or curb bumpers, would have at least shown some delineation to other patrons parking in the parking lot as to the area between the parking lot and the front of the store itself. This is particularly true in light of Wayne Watson's testimony that his customers had a tendency to pull in very close to the store itself during inclement weather, such as was the case on the day of the accident. Under these circumstances, this Court feels that is was foreseeable to the store owner that his patrons might be at risk to the vehicles of other patrons in exiting his store....
The trial court then apportioned fault at 90% to the motorist who struck the plaintiff and 10% to Watson's Grocery. After a thorough review of this record, we find that the trial court was not clearly wrong in its apportionment of fault.
Whether an alleged tortfeasor owes a duty to protect others from a particular risk of harm is a legal question to be determined by the trial court. However, in making this determination, the court must look to the particular facts and circumstances surrounding the accident at issue. Due to the particular facts and circumstances of the accident at issue in this case, the risk of harm which befell Beatrice Martin was foreseeable and therefore, within the scope of the duty of reasonable care owed by Watson's Grocery to its patrons. Watson's failure to place some type of barrier or delineate a walkway was a breach of this duty for which it is properly held liable.
In supplemental brief, plaintiff argues that based on the comparative fault provisions of La.C.C. art. 2324, she is entitled to collect fifty percent of the total damages awarded from the defendant, regardless of the degree of fault placed on the defendant. This argument has no merit. La.C.C. art. 1803 dictates that the solidary obligor who has not settled with the obligee is entitled to have the obligee's recovery reduced by the amount of the released obligor's portion of fault or liability. Valet v. City of Hammond, 577 So.2d 155 (La.App. 1st Cir.1991). Accordingly, plaintiff is entitled to recover only 10% of her damages from this defendant.
*1002 For the foregoing reasons, the judgment of the trial court is affirmed. Plaintiff is assessed costs of this appeal.
AFFIRMED.