664 So.2d 841 (1995)
Gary Allen HARPER, Plaintiff-Appellee,
v.
LA. DEPT. OF PUBLIC SAFETY AND CORRECTIONS, et al., Defendant-Appellant.
No. 95-771.
Court of Appeal of Louisiana, Third Circuit.
December 6, 1995.
Richard Eric Starling Jr., Pineville, for Gary Allen Harper.
Allan Dale Smith, Richard Phillip Ieyoub, David G. Sanders, Rudy Wayne York, Todd Lee Farrar, Pamela J. LeBato, Baton Rouge, for Louisiana Dept. of Public Safety & Corr. et al.
David Ramsey Lestage, DeRiader, for Frank A. Howard and Timothy Dawden.
Dorwan Gene Vizzier, Alexandria, for Leonard Hataway, Sheriff of Grant Parish La.
Before SAUNDERS, WOODARD and DECUIR, JJ.
*842 DECUIR, Judge.
The defendant-appellant, State of Louisiana, Department of Public Safety and Corrections, Division of Probation and Parole, appeals the judgment of the trial court in favor of plaintiff, Gary Harper, in the amount of $806,215.24.

FACTS
This suit arises out of a battery upon the plaintiff by defendant, Timothy Dowden, while both plaintiff and Dowden were inmate trustees in the custody of the Grant Parish Sheriff's Department. Plaintiff was injured as a result of being struck in the head with a two-by-four (2" X 4") piece of lumber during a successful escape attempt by Dowden. Plaintiff suffered severe brain damage as a result of his injuries and his condition is not expected to significantly improve. The plaintiff suffers from, among other things, severe headaches, depression, impaired movement, loss of taste and smell and significant amnesia.
Prior to March 16, 1989, defendant Dowden was on parole and under the supervision of the State of Louisiana, Department of Public Safety and Corrections, Division of Probation and Parole (hereinafter referred to as the "DPSC"). Dowden was arrested on March 16, 1989, for violating parole and was booked in the Vernon Parish Jail. Dowden was subsequently transferred to the Grant Parish Jail due to overcrowding. Shortly after his transfer to the Grant Parish facility, Dowden was made a trustee and assigned to work at a workshop in Bentley, Louisiana. On the morning of April 17, 1989, Dowden and the plaintiff were transported from the Grant Parish Jail to the workshop by Grant Parish Deputy Sheriff George C. Lasyone, where the plaintiff and Dowden were left alone and unsupervised. It was then that Dowden struck the plaintiff in the head with the piece of lumber in his effort to escape.
The plaintiff brought an action against the DPSC, L.R. Hataway in his official capacity as Sheriff of Grant Parish, Frank A. Howard, in his official capacity as Sheriff of Vernon Parish, and Timothy Dowden. Prior to trial, the claim against defendant Hataway was compromised. After a judge trial, the trial court issued reasons and found Sheriff Howard to be without fault. The trial court found that defendant Dowden had willfully and intentionally committed battery upon the plaintiff and found the DPSC and Sheriff Hataway negligent and at fault in causing the harm complained of by plaintiff. The trial judge assessed fault on the part of Sheriff Hataway at 60% and fault on the part of the DPSC at 40%. Judgment was rendered against Dowden and the DPSC decreeing Dowden liable in solido for the entire amount of the judgment and fixing the DPSC's portion of liability at forty (40%) percent, but decreeing the DPSC solidarily liable to the extent of fifty (50%) percent of the entire amount of the judgment.
The DPSC asserts the following assignments of error:
(1) The trial court erred in finding the DPSC vicariously liable for the alleged failure of its probation and parole agent, Paul Hannegan, to warn or advise the Grant Parish Sheriff that the use of an inmate on parole violation, such as Dowden, violated the alleged policy of the DPSC, where no such policy was introduced, where the Sheriff is solely responsible for selecting inmates granted trustee status, and where the inmate's criminal record was readily available to the Grant Parish Sheriff.
(2) The trial court erred in finding the DPSC had a duty to insure that the alleged policy on the use of an inmate on parole violation as a trustee was carried out where no such policy was introduced into evidence, where the Sheriff is solely responsible for selecting inmates granted trustee status, and where the inmate's record was readily available to the Grant Parish Sheriff.
(3) The trial court erred in finding that the DPSC breached a duty owed to plaintiff and in finding that this breach was a cause-in-fact of plaintiff's injuries.
(4) The trial court erred in failing to reduce plaintiff's recovery in an amount reflecting the settling tort-feasor's portion of fault.

*843 (5) The trial court erred in failing to apportion a degree of fault to defendant Dowden.

DISCUSSION
Appellant's first two assignments of error involve identical issues and are combined for the purposes of this opinion. The trial court found the DPSC to be vicariously liable for its employee's failure to adequately warn or advise the Grant Parish Sheriff's Office that the use of Dowden as a trustee violated the policies and procedures of the DPSC. The trial court found it clear from the testimony that it was against DPSC policy for an alleged parole violator awaiting a parole revocation hearing to work outside of jail. Appellant bases its argument in support of these two assignments of error on the fact that no written policy was introduced at trial. However, appellant cites no authority for the proposition that a policy must be written in order for a duty to be imposed upon the DPSC. In fact, evidence of customary practices may be relevant in determining negligence, although not conclusive or controlling in the judicial determination of whether an unreasonable risk of harm has resulted from a violation of such practices or policies. See Guilbeau v. Liberty Mutual Ins. Co., 338 So.2d 600 (La.1976).
The trial court's finding that it was against DPSC policy for an alleged parole violator awaiting a parole revocation hearing to work outside of the jail is clearly supported by the record. Both Paul Hannegan and his supervisor, James Bailey, testified that Dowden should not have been allowed to work outside the jail. Furthermore, as stated by the trial judge, the only evidence indicating Grant Parish officials were warned or advised by the DPSC of the fact that Dowden should not be allowed to work outside the jail is an interoffice communication prepared by Mr. Bailey the day after the escape. In this memo Bailey states Hannegan notified Warden Alva R. Lary that Dowden was a parole violator and should not be used as a trustee. Furthermore, Warden Lary testified at trial that he was never notified that Dowden should not be used as a trustee. We find no manifest error in the trial court's determination that Mr. Hannegan failed to adequately warn, notify or advise the Grant Parish Sheriff's Office of the fact that it was a violation of DPSC policy to use Dowden as a trustee, and that his failure to do so was a substantial factor in bringing about the harm to the plaintiff. See Rosell v. ESCO, 549 So.2d 840 (La.1989).
Appellant in its first two assignments of error contend that the Grant Parish Sheriff was solely responsible for allowing Dowden trustee status. As noted previously, the trial court assessed sixty (60%) percent fault to Sheriff Hataway. It is evident from the trial judge's reasons for judgment that this finding was based on the fact that upon transferring Dowden to Grant Parish, the Vernon Parish Sheriff's Office provided Dowden's criminal record to Grant Parish authorities and Dowden's criminal history was readily available to Grant Parish through its computer system. This finding, however, does not exonerate the DPSC of its culpability. These assignments of error lack merit.
By its third assignment of error, the DPSC contends that there was no legal duty owed by the DPSC and no showing that the conduct of Mr. Hannegan was a cause-in-fact of the harm suffered by the plaintiff. We agree with the trial court's finding that one of the main reasons underlying the DPSC policy forbidding parole violators from working as trustees is the risk of flight that arises because the violator is aware of the possibility he may be returned to the state prison system. The DPSC has a duty to enforce this policy and in so doing reduce the risk of escape of parole violators such as Dowden. The trial court was correct in finding that this duty is intended to protect individuals from harm by escaping inmates, and the harm encountered by plaintiff was within the scope of protection afforded by this duty. We find no error in the trial judge's finding that the breach of the duty owed by the DPSC was a cause-in-fact of plaintiff's injuries.
The DPSC contends in its fourth assignment of error that the lower court erred in failing to reduce plaintiff's recovery by the portion of fault assessed to the settling tort-feasor, *844 Sheriff Hataway. Appellant contends the judgment reflects the erroneous notion that plaintiff is entitled to collect fifty (50%) percent of the total damage award from DPSC under the provisions of La.Civ.Code art. 2324, regardless of the degree of fault assessed to the DPSC. We agree. A non-settling defendant must be given credit for payments made by solidarily liable co-defendants who have settled with plaintiff prior to trial. The amount of credit given corresponds to the degree of fault attributed to the defendant who has settled. La.Civ.Code arts. 1802-1803. See Dill v. State, Dept. of Transp. And Dev., 545 So.2d 994, 997 (La. 1989); Cavalier v. Cain's Hydrostatic Testing, Inc., 94-1496 (La. 6/30/95): 657 So.2d 975; Barnes v. Bott, 615 So.2d 1337 (La.App. 4 Cir.) writ denied; 619 So.2d 546 (La.1993); Martin v. Watson's Grocery, 615 So.2d 999 (La.App. 1 Cir.1993); Faulkner v. State Dept. of Transp. & Dev., 25857, 25858 (La. App. 2 Cir. 10/26/94), 645 So.2d 268, writ denied, 94-2901 (La. 1/27/95), 649 So.2d 390, writ denied, 94-2908 (La. 1/27/95), 649 So.2d 390. Therefore, the judgment of the trial court is hereby amended to reflect that the State of Louisiana, Department of Public Safety, Division of Probation and Parole, is entitled to have plaintiff's recovery reduced by the amount of the released tortfeasor's portion of fault which is sixty (60%) percent.
Finally, by its fifth assignment of error, the DPSC contends the trial court erred in failing to apportion the degree of fault to Dowden for his intentional tort. Our supreme court in the case of Veazey v. Elmwood Plantation Associates, Ltd., 93-2818 (La. 11/30/94); 650 So.2d 712, held that while Louisiana law is broad enough to allow comparison of fault between intentional tortfeasors and negligent tortfeasors, a determination of whether such a comparison should be made must be determined by the trial court on a case by case basis, bearing in mind public policy concerns discussed in that case. Id. at 720.
The court in Veazey held that the comparison of the defendant lessor's negligence and a rapist's fault in that case was not appropriate, setting forth the following reasoning. First, the court stated that as a general rule, negligent tortfeasors should not be allowed to reduce their fault by the intentional fault of another that they had a duty to prevent. Furthermore, a negligent tortfeasor should not be allowed to benefit at the innocent plaintiff's expense by an allocation of fault to the intentional tortfeasor under comparative fault principles. The court noted that given the fact that any rational juror will apportion the lion's share of the fault to the intentional tortfeasor when instructed to compare the fault of a negligent tortfeasor and an intentional tortfeasor, application of comparative fault principles in the circumstances presented would operate to reduce the incentive of the lessor to protect against the same type of situation occurring in the future. Finally, the court stated that intentional wrongdoing differs from negligence not only in degree but in kind, and in the social condemnation attached to it. The court concluded that because intentional torts are of a fundamentally different nature than negligent torts, a true comparison of fault based on an intentional act and fault based on negligence is, in many circumstances, not possible. Id. at 719. The same rationale applies to the case sub judice. We find no error in the trial court's failure to apportion fault to Dowden.
Costs of this appeal are assessed to defendant-appellant.
AFFIRMED AS AMENDED.