## KANDEA v. INLAND AMUSEMENT COMPANY, INC.

[No. 27,719. Filed May 27, 1942.]

*McAleer, Dorsey, Travis & Young,* of Hammond, for appellant.

*Frederick C. Crumpacker, Edwin H. Friedrich* and *Bernard A. Petrie,* all of Hammond, for appellee.

SHAKE, J.—This is an action for personal injuries in which at the conclusion of the evidence the trial court directed a verdict for the defendant. The sole question is whether there was some evidence of negligence. The appellant asserts that there was; the appellee says there was not.

It is first necessary to note some of the allegations

of the complaint. It was charged that the appellant, a twelve-year-old girl, attended the appellee's movie theatre which had an aisle descending from the lobby to the stage. The aisle was carpeted but that part of the floor between the first row of seats and the orchestra pit was of uncovered concrete. The appellant entered the theatre and took a seat on the front row at a time when the room was lighted. Later when it was again lighted she went to a rest room and thereafter returned over the same route while the room was darkened for the display of motion pictures. In passing from the carpeted aisle over the uncovered concrete floor to her seat she slipped and fell and was injured. The negligence charged was: (1) Maintaining that part of the concrete floor between the carpeted aisle and the appellant's seat in a smooth and slippery condition; (2) failure to adequately light the place where the accident occurred; and (3) suffering the seat on which the appellant was injured to be out of repair.

The evidence followed the allegations of the complaint except as hereinafter pointed out. It disclosed that the theatre aisle was about 40 inches wide and 75 feet long and carpeted from the lobby to the orchestra pit. The point of entrance was 3 or 4 feet higher than the end next to the stage. The floor space between the front row of seats and the fence surrounding the orchestra pit was 4 or 5 feet in width and uncovered. The appellant and the appellee's manager testified that the surface of this area was smooth or of smooth finished concrete. A photograph in evidence indicates that some of the end seats next to the aisle were equipped with shaded electric lights so placed as to illuminate the carpet. The appellant said that there was such a light near the place where the accident occurred but that it was broken and not operating;

that she wore low leather-heeled shoes; that when she turned from the carpeted aisle and stepped on the concrete floor she suddenly slipped and fell; and that her leg came in contact with a sharp metal projection which was exposed because the protecting arm-rest of a seat was missing, resulting in a severe laceration.

The appellee relies upon the rule stated in *Werling, Admx.* v. *New York, etc., R. Co.* (1929), 90 Ind. App. 26, 30, 168 N. E. 42, 43, that "Where the evidence leaves to guesswork and speculation the proximate cause of the injury, a verdict should be directed." It asserts that there was no evidence that the concrete floor was slippery as alleged in the complaint or that its surface caused the appellant to fall. The appellee says that to predicate negligence on the condition of the concrete floor in front of the appellant's seat would amount to a requirement that the entire theatre be carpeted including the spaces between the rows of seats and that there is no precedent for such an obligation. As to the charge of a lack of illumination at the place where the injury occurred, the appellee says that the nature of its business required the room to be darkened for the display of motion pictures and that there was a total failure of proof that its conduct in this regard constituted a departure from the standards of care ordinarily observed by those engaged in such enterprises.

Counsel for the appellee are correct in their assertion that a jury must not be left to speculation and guesswork as to the essential facts of a case; but the problem with which we are confronted is that of determining whether the evidentiary facts would have reasonably supported inferences of sufficient ultimate facts to sustain a verdict for the plaintiff if the jury had been permitted to draw such

inferences. In that connection we think that the word "smooth" as used in the complaint and testimony of the witnesses and as applied to the condition of the surface of the concrete floor in the theatre is a relative term which does not lend itself to precise and exact definition. The word might properly be applied to a macadam highway or to a piece of tooled machinery milled to the millionth of an inch. The meaning to be given to it must, therefore, be drawn from the circumstances under which it is used. We are not prepared to say that a jury might not have been warranted in concluding that an unlevel and "smooth" concrete floor was a dangerous condition when maintained adjacent to a carpeted surface in a public theatre at a place where one using it was required to make a right angle turn when his vision was obscured by darkness. To so hold is not tantamount to saying that the operator of a movie theatre must carpet the entire floor of his house where the space between the rows of seats is comparatively narrow, and there is also the opportunity, if need be, of taking hold of the seats with the hands.

It appears from the photographs in evidence that some of the seats next to the aisles were equipped with electric lights so constructed as to illuminate the carpet but shaded so as not to otherwise light the room. The appellant testified that a fixture of this character, so located as to light the place where she fell, was broken and not in operation. These circumstances were sufficient to have authorized the jury to infer that these lights should have been in operation during the entertainment and that the appellant was prevented from observing that she was stepping from the carpet to the concrete floor on account of the appellee's negligence in suffering the particular fixture to be out of repair.

There was no positive evidence that the appellant slipped and fell by reason of the negligence of which the jury might have found the appellee guilty. The proximate cause of an injury is usually a question of fact for the jury. "While it is incumbent on plaintiff to show causal connection between the injury suffered and the negligence charged, it is not necessary that it be shown by direct and positive testimony. Such causal connection may be shown by facts and circumstances which fairly suggest that defendant's negligence, in the manner charged, operated proximately to produce the injury and which afford a reasonable inference to that effect. The facts and circumstances shown should be reckoned with in the light of ordinary experience and such conclusions as common sense dictates deduced therefrom." *Anderson* v. *Asphalt Distributing Company* (1932), (Mo.) 55 S. W. (2d) 688, 693,. 86 A. L. R. 1033, 1042, 1043. It would have been reasonably within the purview of the jury to have inferred that the appellant was caused to slip and fall by stepping unawares from the soft carpet fabric onto the hard and relatively smooth concrete surface. Such a conclusion would not be contrary to ordinary human experience, and no other explanation of the occurrence was disclosed by the evidence.

If, after hearing all the evidence, the trial judge shall be of the opinion that a judgment for the plaintiff ought not to stand, he should, at the proper time, grant a new trial; but he should not direct a verdict for the defendant unless there is a total lack of evidence on some essential issue. The preservation of the jury system requires that this procedure be observed. After reviewing all of the evidence we have concluded that it was error to take the instant case from the jury.

The judgment is reversed with direction to sustain the appellant's motion for a new trial.

NOTE.—Reported in 41 N. E. (2d) 795.