CORY *v.* RAY ET AL.

[No. 17,253. Filed May 25, 1944. Rehearing denied September 22, 1944.]

*Herman L. Ridenour,* of Indianapolis, for appellant.

*Theodore L. Locke* and *Hugh E. Reynolds* of *Slaymaker, Merrell, Locke & Reynolds,* of Indianapolis, for appellees *Otto Ray* and *Anna Ray. William Z. Zilson,* of Indianapolis, for appellee *Stan Zaphirou.*

DRAPER, P. J.—Action by appellant to recover damages for personal injuries. At the conclusion of all the evidence the court, on appellee's motion, directed a verdict in their favor. The correctness of this ruling is the only question presented.

The evidence most favorable to appellant follows the allegations of her complaint, and discloses that appel-

lees owned or leased certain property where they operated, for profit, a game of chance called Bingo. It was a large, one-story frame building reached by a drive constructed of level, smooth crushed stone which extended to the entrance to the building, which entrance was variously estimated at twenty-five to fifty feet in width. The floor of the building was about four inches higher than the drive and was constructed of cement, so that the floor and drive were of about the same color and at night were scarcely distinguishable from each other. The hall was more brilliantly lighted than the outside, so that a crowd standing or moving in the entrance cast a shadow over the step-up into the building.

On the night in question the appellant, a woman 66 years of age and admittedly a Bingo fan, but who had never played there before, was invited there to play, and she was transported to and from the place in one of the busses which were furnished free of charge for that purpose by the management. There were from seven hundred to one thousand players there that night. The appellant played until about 11:30 when it was announced that the last, or one of the last of the busses was leaving for town, whereupon she arose and made her way to the entrance, intending to take the bus. The same idea apparently occurred to many of the others, for when she reached the entrance outside of which the bus was waiting, some two or three hundred of them were surging, pushing and shoving "like cattle" in an effort all to leave the building at the same time. She remembered the step-up and stopped in an effort to locate it, but because of the shallowness of the step, the lighting arangement and the coloring, the floor and driveway looked level, and before she could find the step-up she was pushed and shoved from

behind, which caused her to fall over the step and onto the driveway, thus causing the injuries complained of. The appellees made no effort to control or manage the crowd. It was not unusual for such large crowds to attend at the gaming.

We are called upon to determine "whether the evidentiary facts would have reasonably supported inferences of sufficient ultimate facts to sustain a verdict for the plaintiff if the jury had been permitted to draw such inferences." *Kandea* v. *Inland Amusement Co.* (1942), 220 Ind. 219, 41 N. E. (2d) 795.

The circumstances under which a peremptory instruction directing a verdict may be given are fully stated in *Kettner* v. *Jay* (1940), 107 Ind. App. 643, 26 N. E. (2d) 546. See also *Farmers & M. Bank* v. *Peoples T. & S. Bank* (1936), 101 Ind. App. 474, 199 N. E. 892. The rule need not be here repeated.

The appellees insist that the proximate cause of appellant's fall was the push she received, and that the coloring and location of the step and the manner in which it was shadowed had nothing to do with her fall, and they insist the appellees cannot be held responsible for injuries caused solely by the conduct of the crowd.

It is the law that one who operates a place of public entertainment is required to use reasonable care to keep the place safe for patrons in attendance, and failing so to do may be held liable for injuries occasioned by his neglect. *Adams* v. *Schneider* (1919), 71 Ind. App. 249, 124 N. E. 718. *Myers* v. *Kansas City Junior Orpheum Co.* (1934), 228 Mo. A. 840, 73 S. W. (2d) 313, 320.

While it may be true as stated in the case of *Thurber* v. *Skouras Theatres Corporation* (1934), 112 N. J. L.

385, 170 A. 863, that to permit a crowd to assemble even to the point of overcrowding does not of itself constitute negligence, since crowds are a part of our everyday life in populous centers, and patrons of places of amusement must be held to assume the risk of the dangers normally attendant thereon, it must certainly be true as therein suggested that when, as in this case, there is a question of the suitability of the construction or arrangement of a public place of amusement, and such construction or arrangement is itself such as to suggest danger, and crowds are permitted to thickly pack and crowd, push and jostle each other there, the question as to whether the management has used reasonable care under all of the circumstances to keep the place safe for patrons in attendance is one for the jury to determine.

And so we hold that whether appellees were negligent in maintaining a public place of amusement having a step-off so constructed, placed, colored and illuminated, and inviting thereto and entertaining therein great crowds of people, whose actions and movements they made no effort to control or direct even in the face of an announcement (concerning the bus) which might reasonably be expected to produce a mass movement toward and over the step-up, was a question which should have been submitted to the jury.

Judgment reversed and cause remanded for further proceedings.

NOTE.—Reported in 55 N. E. (2d) 117.