James **BEARMAN** & Christenna
Bearman, Appellants-Plaintiffs,

v.

**UNIVERSITY OF NOTRE DAME,**
Appellee-Defendant.

No. 3–882A223.

Court of Appeals of Indiana,
Third District.

Sept. 22, 1983.

Gerald M. McNerney, Butler, for appellants-plaintiffs.

John E. Doran, David T. Ready, South Bend, for appellee-defendant.

STATON, Judge.

Christenna Bearman suffered a broken leg when she was knocked down by a drunk as she was returning to her car after a Notre Dame football game. Bearman and her husband sued the University of Notre Dame for damages resulting from that injury. After the close of all evidence, the trial court granted Notre Dame's motion for judgment on the evidence. Bearman appeals, raising one issue:

> Whether Notre Dame had a duty to protect Mrs. Bearman from injury caused by the acts of third persons.

Reversed and remanded.

The evidence and inferences most favorable to Bearman shows that on October 27, 1979, Mr. and Mrs. Bearman attended a football game at the University of Notre Dame. The Bearmans left the game shortly before it ended. As they were walking through a parking lot toward their car, they observed two men who appeared to be drunk. The men were fighting, one of them fell down, and then they walked away from each other. One of the men walked past the Bearmans. A few moments later, the man fell into Mrs. Bearman from behind, knocking her to the ground. Mrs. Bearman suffered a broken leg from the fall. There were no ushers or security people in the area when the incident occurred.

When the trial court considers a motion for judgment on the evidence, it must consider only the evidence most favorable to the non-moving party. The motion may be granted only if there is no substantial evidence, or reasonable inference to be drawn therefrom, which supports an essential element of the claim. If reasonable persons might differ as to the inferences to be drawn from the evidence, then judgment on the evidence is not proper. *Keck v. Kerbs* (1979), Ind.App., 395 N.E.2d 845, 846.

Bearman argues that she was a business invitee of the University of Notre Dame; therefore, Notre Dame owed to her a duty to protect her from injury caused by the acts of other persons on the premises. On the other hand, Notre Dame argues that absent notice or knowledge of any particular danger to a patron, the University cannot be held liable for the acts of third persons.

It is axiomatic that the conduct of a person will give rise to an action for negligence only if that person owed a duty to the plaintiff to conform his actions to the standard of care. The existence of such a duty is a question of law. *Koroniotis v. LaPorte Transit, Inc.* (1979), Ind.App., 397 N.E.2d 656.

Generally, the operator of a place of public entertainment owes a duty to keep the premises safe for its invitees. *Cory v. Ray* (1944), 115 Ind.App. 50, 55 N.E.2d 117. This duty includes a duty to provide a safe and suitable means of ingress and egress, *Verplank v. Commercial Bank of Crown Point* (1969), 145 Ind.App. 324, 251 N.E.2d 52, and a duty to exercise ordinary and reasonable care to protect a patron from injury caused by third persons. 86 C.J.S., *Theatres and Shows* § 41c. However, the invitor is not the insuror of the invitee's safety. *Hammond v. Allegretti* (1974), 262 Ind. 82, 311 N.E.2d 821. Before liability may be imposed on the invitor, it must have actual or constructive knowledge of the danger. *Id.*

The Restatement of Torts (Second) § 344 (1965) sets forth the applicable rule:

"A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

"(a) discover that such acts are being done or are likely to be done, or

"(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it."

Comment (f) of this section is particularly pertinent to this case:

"*f. Duty to police premises.* Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection."

The University is aware that alcoholic beverages are consumed on the premises before and during football games. The University is also aware that "tailgate" parties are held in the parking areas around the stadium. Thus, even though there was no showing that the University had reason to know of the particular danger posed by the drunk who injured Mrs. Bearman, it had reason to know that some people will become intoxicated and pose a general threat to the safety of other patrons. Therefore, Notre Dame is under a duty to take reasonable precautions to protect those who attend its football games from injury caused by the acts of third persons.

The questions whether the protective measures employed by Notre Dame were inadequate and, if so, whether such inadequacy contributed to Mrs. Bearman's injury are questions for the jury. *Petroski v. Northern Indiana Pub. Service Co.* (1976), 171 Ind.App. 14, 354 N.E.2d 736. Therefore, we reverse the judgment of the trial court and remand this case for proceedings consistent with this opinion.

Reversed and remanded.

HOFFMAN, P.J., concurs.

CONOVER, P.J. (by designation), concurs.