Terry **FAWLEY, Individually and as the Natural Father and Next Friend of Jacob Fawley and Amanda Fawley, and Patsy Fawley, Appellants–Plaintiffs,**

v.

**MARTIN'S SUPERMARKETS, INC., Appellee–Defendant.**

**No. 43A03–9209–CV–303.**

Court of Appeals of Indiana, Third District.

July 26, 1993.

Transfer Denied Oct. 14, 1993.

R. William Jonas, Jr., Joseph L. Amaral, Hammerschmidt, Amaral & Jonas, South Bend, for appellants-plaintiffs.

R. Kent Rowe, R. Kent Rowe III, Gregory J. Haines, Rowe, Foley & Associates, South Bend, for appellee-defendant.

HOFFMAN, Judge.

Appellants-plaintiffs Terry Fawley, individually and as the natural father and next friend of Jacob and Amanda Fawley, and Patsy Fawley (collectively the Fawleys) appeal the trial court's entry of summary judgment in favor of Martin's Supermarkets Inc. (Martin's).

The facts pertinent to the appeal disclose that at approximately 3:30 P.M. on May 2, 1990, Patsy Fawley and her two children, Jacob and Amanda, left Martin's where they had just purchased groceries and were walking along the pedestrian sidewalk situated on the west side of the Martin's building when they were struck by an automobile operated by Dr. William Martinov. Immediately prior to the collision, Dr. Martinov had been driving his vehicle in a generally easterly direction through Martin's parking lot towards the sidewalk, when his foot slipped from the vehicle's brake pedal and onto the accelerator. The vehicle went forward over the curb and onto the sidewalk where it struck Patsy Fawley and her children. Patsy and Jacob were pinned between the automobile, the building, and the mailbox which they had been going to when the collision occurred. Amanda Fawley was thrown clear of the vehicle and suffered minor physical injuries. Dr. Martinov had been drinking prior to the collision and was found to have a blood alcohol content of .19%. Subsequently, Dr. Martinov pleaded guilty to criminal charges.

At the time of the collision, Martin's was the owner of the shopping center. The

concrete sidewalk along the west side of Martin's building was approximately 9½ feet wide and it was separated from the parking lot by a three-inch curb which was painted yellow. There were also signs posted which prohibited parking near the sidewalk area and cautioned motorists to slow down.

On October 31, 1990, the Fawleys filed a personal injury action denominating Dr. Martinov, Martin's, and Osco Drug, Inc. (Osco) as defendants. Martin's and Osco filed motions for summary judgment. The Fawleys filed a response in opposition to the motions along with the affidavit of Lamar Ziegler, an engineer. Subsequently, the trial court granted a stipulation of dismissal between the Fawleys and Dr. Martinov. The court then granted the motions for summary judgment filed by Osco and Martin's. The Fawleys acquiesced to the motion by Osco. The Fawleys now appeal the grant of summary judgment in favor of Martin's.

The sole issue presented for review is whether the trial court erred in granting Martin's motion for summary judgment. The purpose of summary judgment is to terminate litigation for which there can be no factual dispute and which can be determined as a matter of law. *Chambers v. American Trans Air, Inc.* (1991), Ind.App., 577 N.E.2d 612, 614, *trans. den.* Our standard of review is the same as that used by the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 994. Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. Ind.Trial Rule 56(C).

The tort of negligence is comprised of three elements: 1) a duty on the part of the defendant in relation to the plaintiff; 2) a failure by the defendant to conform its conduct to the requisite standard of care; and 3) an injury to the plaintiff proximately caused by the failure. *Cowe v. Forum Group, Inc.* (1991), Ind.,

575 N.E.2d 630, 636. Whether a duty to exercise care arises is governed by the relationship between the parties and is an issue of law. *Id.* Absent a duty owed to a plaintiff by the defendant, there can be no actionable negligence. *Plan–Tec, Inc. v. Wiggins* (1983), Ind.App., 443 N.E.2d 1212, 1218. Clearly Martin's owed a duty to the Fawleys, patrons of the store, as business invitees. This duty was to exercise reasonable care for their protection. *Burrell v. Meads* (1991), Ind., 569 N.E.2d 637, 639. Our supreme court has relied upon the Restatement (Second) of Torts § 343 to define a landowner's duty to an invitee:

> " 'A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.' "

*Burrell*, 569 N.E.2d at 639–640, *quoting* Restatement (Second) of Torts § 343 (1965).

The Fawleys contend that Martin's general duty to exercise reasonable care to its invitees, includes a duty to maintain some type of defensive boundary barrier to separate vehicular traffic from patrons using the sidewalk. More specifically, the Fawleys rely upon Ziegler's affidavit in which Ziegler stated that Martin's should have foreseen the possible conflict between errant vehicles and pedestrians because of the parking lot's design and that a six-to-nine-inch barrier curb may have stopped or slowed Dr. Martinov's vehicle. Further, Ziegler opined that various other types of boundary barriers, such as, guard rails, low walls, fencing material, or landscaping could have prevented an errant vehicle from mounting the sidewalk.

The circumstances in the present case did not impose upon Martin's a duty to protect the Fawleys from the errant vehicle that injured them. We recognize that a business proprietor's general duty to exercise reasonable care includes a duty to provide a safe and suitable means of ingress and egress and may extend to warning of or protection from a danger that originates from third persons. *See Bearman v. University of Notre Dame* (1983), Ind.App., 453 N.E.2d 1196, 1198, *trans. den.* However, a business proprietor is not the insurer of its invitees' safety while on the premises. *Id.* Rather, Martin's, as a business proprietor, is charged with the duty of guarding against subjecting the Fawleys, its invitees, to dangers of which Martin's was cognizant or might have reasonably foreseen.

In their reply brief, the Fawleys erroneously contend that foreseeability is not an element of duty under Indiana law. *See* Reply Brief at 1–3. In the seminal case of *Palsgraf v. Long Island R. Co.* (1928) 248 N.Y. 339, 344, 162 N.E. 99, 100, Justice Cardozo wrote "[t]he risk reasonably to be perceived defines the duty to be obeyed". Despite the Fawleys' contentions to the contrary, our supreme court in *Webb*, 575 N.E.2d 992, 996–997, reaffirmed that foreseeability was indeed a component of duty, under Indiana law. The *Webb* court stated that three factors must be considered in order for a court to impose a duty. *Id.* at 995. These factors which are to be balanced include, " '(1) the relationship between the parties, (2) the reasonable foreseeability of harm to the person injured, and (3) public policy concerns.' " *Id.* The court further explained, that imposition of a duty is limited to instances where a reasonably foreseeable victim is injured by a reasonably foreseeable harm. *Id.* at 997. Hence, one of the inquiries into duty is concerned with one of the exact same factors as is the inquiry into proximate cause, foreseeability. *Id.*

Here, the accident which occurred when Dr. Martinov, a drunk driver, lost control of his vehicle was not as a matter of law sufficiently foreseeable to require Martin's to protect its patrons from such an unfortunate mishap. Hence, Martin's neither had a duty nor was it the proximate cause of the Fawleys' injuries. The majority of cases from other jurisdictions have likewise concluded that a store owner owes no duty to invitees to protect them from runaway vehicles in parking lots, since this kind of occurrence is not sufficiently foreseeable for a store owner to be required to protect against it.

> *See e.g. Nicholson v. MGM Corporation* (1976), Alaska, 555 P.2d 39;
>
> *Schatz v. 7–Eleven, Inc.* (1961), Fla. App., 128 So.2d 901 (foreseeability negates proximate cause);
>
> *Howe v. Stubbs* (1990), Me., 570 A.2d 1203;
>
> *Mack v. McGrath* (1967), 276 Minn. 419, 150 N.W.2d 681;
>
> *Flanagan v. Anania* (1959), 196 N.Y.S.2d 431;
>
> *Hendricks v. Todora* (1986), Tex.App., 722 S.W.2d 458 (business owner had no duty to protect patrons from intoxicated driver who crashed through glass wall and struck patrons awaiting entrance into premise; criminal acts of driver superseding cause);
>
> *Watkins v. Davis* (1957), Tex.Ct.App., 308 S.W.2d 906;
>
> *see also Krispy Kreme Doughnut Co. v. Cornett* (1975) Fla.App., 312 So.2d 771 (no statute or ordinance requiring business to erect a barrier sufficient to stop automobile from entering premises from parking lot);
>
> *but see Johnson v. Hatoum* (1970), Fla. App., 239 So.2d 22;
>
> *Ray v. Cock Robin, Inc.* (1973), 10 Ill.App.3d 276, 293 N.E.2d 483.

As the Florida court so aptly explained in *Schatz*, 128 So.2d at 902, regarding the foreseeability of such occurrences:

> "We are not unmindful of the obvious fact that at times operators lose control over the forward progress and direction of their vehicles either through negligence or as a result of defective mechanisms, which sometimes result in damage or injury to others. In a sense all such

occurrences are foreseeable. They are not, however, incidents to ordinary operation of vehicles, and do not happen in the ordinary and normal course of events. When they happen, the consequences resulting therefrom are matters of chance and speculation. If as a matter of law such occurrences are held to be foreseeable and therefore to be guarded against, there would be no limitation on the duty owed by owners of establishments into which people are invited to enter. Such occurrences fall within the category of the unusual or extraordinary, and are therefore unforeseeable in contemplation of the law."

*Id.* at 904. The court concluded that as to the business owner it was unforeseeable that a vehicle would be negligently propelled onto the owner's sidewalk. *Id.* Thus, as a matter of law the owner had no duty to protect its patrons from the errant vehicle. *Id.* at 905.

Martin's duty to use reasonable care to protect its business invitees did not include a duty to protect the Fawleys from errant vehicles or intoxicated drivers whose vehicles negligently or recklessly are propelled over the existing three-inch curb and onto the sidewalk. The Fawleys have presented no evidence that there had been a history of accidents involving motor vehicles and pedestrians using Martin's sidewalk. To the contrary, Martin's and Osco submitted evidence that this accident was the only incident of its type to have occurred on Martin's premises. A business owner's duty to provide a reasonably safe place for its invitees is limited to preventing dangers of which the owner is cognizant or which it might reasonably foresee. Moreover, to require that business owners erect impregnable barriers separating the parking lots from their sidewalks would very likely increase the inconvenience and hazard to pedestrians and impose upon the owners a burden completely out of proportion to the anticipated risk.

The Fawleys mistakenly rely on Ziegler's affidavit arguing that the affidavit raises material questions of fact precluding summary judgment. In his affidavit, Ziegler opines that Martin's should have foreseen conflict between errant vehicles and pedestrians. Ziegler's opinion embraces a legal question on which his expert opinion as an engineer is not helpful. As previously explained, foreseeability in this case is a matter of law for the court. Further, any contention that a six- to eight-inch curb could have stopped or slowed Dr. Martinov's vehicle to a point that the Fawleys' injuries might have been less severe is of no consequence, as Martin's had no duty to protect the Fawleys. *See e.g. Hendricks,* 722 S.W.2d at 464–465 (engineer's affidavit which asserted that barrier in front of restaurant would have prevented injuries and that drunk driver crashing through glass wall of restaurant might have been anticipated based on condition of premises, embrace legal question on which expert's opinion was not competent); *see also Schatz,* 128 So.2d at 902–903 (summary judgment appropriate despite engineers' affidavits that standard curbs in the area of store owner's business were a minimum of six inches and that reasonable safe construction would require a curb of eight inches, since injury to patron was not foreseeable).

Moreover, Martin's was not the proximate cause of the Fawleys' injuries. Not only was the incident unforeseeable, Dr. Martinov's negligent operation of his vehicle while he was intoxicated was the sole cause of the Fawleys' injuries. The absence of a higher curb or a similar boundary barrier could in no sense be considered a cause of Dr. Martinov's control of his vehicle or the Fawleys' injuries. *Cf. Galbreath v. Engineering Const. Corp.* (1971), 149 Ind.App. 347, 357, 273 N.E.2d 121, 127 (act which merely furnishes condition by which subsequent injury is made possible is not a proximate cause of injury).

Viewing the facts most favorable to the Fawleys, this Court concludes that Martin's has not breached its duty of reasonable care to them. Accordingly, the trial court's grant of summary judgment in favor of Martin's is affirmed.

Affirmed.

STATON, J., concurs.

SHARPNACK, C.J., dissents with opinion.

Sharpnack, Chief Judge, dissenting.

I disagree with the majority's analysis of the foreseeability component of duty.

The parties agree that Martin's had a general duty to provide a reasonably safe business environment to its invitees, including the duty to maintain a safe and suitable means of ingress and egress. The disagreement in this case is over whether Martin's had a duty to exercise reasonable care to prevent a vehicle from invading its sidewalk. The majority holds that Martin's had no such duty because it was not foreseeable, as a matter of law, that a drunk driver might lose control of his vehicle and jump the 3–inch curb separating the parking lot from the sidewalk. I disagree.

Foreseeability is one of the three elements of duty identified by the *Webb* court, and duty is a question of law. A determination of foreseeability, however, requires a factual analysis. As the *Webb* court stated:

> "In analyzing the foreseeability component of duty, we focus on whether the person actually harmed was a foreseeable victim and whether the type of harm actually inflicted was reasonably foreseeable.... Imposition of a duty is limited to those instances where a reasonably foreseeable victim is injured by a reasonably foreseeable harm. Thus, part of the inquiry into the existence of a duty is concerned with exactly the same factors as is the inquiry into proximate cause. [citation omitted] Both seek to find what consequences of the challenged conduct should have been foreseen by the actor who engaged in it. We examine what forces and human conduct should have appeared likely to come on the scene, and we weigh the dangers likely to flow from the challenged conduct in light of these forces and conduct."

*Webb,* 575 N.E.2d at 997. Such analysis entails examining a wide range of actual and hypothetical circumstances arising out of the challenged conduct, which in this case is Martin's failure to maintain an adequate barrier between the parking lot and the sidewalk. If in performing this analysis the court finds no genuine issue of material fact, then the foreseeability component of duty does not stand in the way of summary judgment. If specific facts relating to foreseeability are set forth showing that there is a genuine issue for trial, then summary judgment may not be granted. The Fawleys have met this burden in the affidavit of the engineer Lamar Ziegler.

The majority disposes of Mr. Ziegler's affidavit by stating that "Ziegler's opinion embraces a legal question on which his expert opinion as an engineer is not helpful." I disagree. As noted above, the foreseeability analysis is factual in nature. Mr. Zeigler's opinion regarding the traffic patterns in the parking lot, the size and type of the curb, and the risks inherent in the design of Martin's parking lot is relevant to the court's analysis of "what consequences of the challenged conduct should have been foreseen" by Martin's and "what forces and human conduct should have appeared likely to come on the scene." *Webb, supra.*

The majority relies on the notion that occurrences of drivers losing control of their vehicles are so unusual or extraordinary as to be plainly unforeseeable, and quotes the Florida Court of Appeals in *Schatz v. 7–Eleven, Inc.* to the effect that such occurrences are not "incidents to ordinary operation of vehicles, and do not happen in the ordinary and normal course of events." *Schatz,* 128 So.2d at 904. I disagree. Evidence of society's vigilance against the prospect of drivers losing control of their vehicles is ubiquitous in the use of barriers, posts, curbs, gradation, and similar devices in places where vehicular and pedestrian traffic intersect. Mr. Ziegler's affidavit demonstrates that there exists a body of literature devoted to the design of parking lots and highways which deals with methods of preventing errant vehicles from invading sidewalks and other pedestrian areas. Paradoxically, the majority's citation of authority from several

jurisdictions on the unforeseeability of run-away vehicles in parking lots lends credence to the view that such incidents occur often enough to be foreseeable.

The Fawleys should have an opportunity to present further evidence as to the foreseeability of the occurrence which caused their injuries.

I would reverse.