Susan CARMICHAEL, Appellant–Plaintiff,

v.

The KROGER COMPANY, Appellee–Defendant.

No. 61A01–9410–CV–342.

Court of Appeals of Indiana.

Sept. 5, 1995.

Rehearing Denied Dec. 18, 1995.

William G. Brown, Brown & Somheil, Brazil, for appellant.

Kevin C. Schiferl, Todd J. Kaiser, Locke Reynolds Boyd & Weisell, Indianapolis, for appellee.

## OPINION

ROBERTSON, Judge.

Susan Carmichael Wolf appeals from an adverse jury verdict in her lawsuit against The Kroger Company for negligence. She presents the following issues:

I.   Whether the court erred in allowing into evidence Kroger's Exhibit E, which was the affidavit of George Isom, and Exhibit F, which was the affidavit of Lynn Almeras.

II.   Whether the trial court erred in refusing to give Wolf's tendered instruction No. 8 regarding the duty of an owner or occupier of property to an invitee.

III.   Whether the verdict was contrary to law.

We affirm.

The evidence reveals that Wolf slipped and fell one day at approximately 2:00 p.m. in a Kroger store in Danville, Indiana. She claimed to have slipped on a broken egg in the dairy aisle. An employee for Kroger who had worked in the dairy department that day checked the aisle and "made sure that the aisleway was clear for the customers" before he left work at just after 2:00 p.m. Nothing was on the floor when he left.

### I

■   Wolf first claims the trial court erroneously admitted Kroger's Exhibit E, which consists of the affidavit of George Isom and an attached claim form. The affidavit shows that Isom is the custodian of the records of American United Life Insurance Company's Central Claims Center. The attached claim form is entitled "Report of Disability Group Credit/Mortgage Insurance" from Susan E. Carmichael, now Susan Carmichael Wolf. The claim form contains statements from an attending physician and from an employer. Wolf claims the exhibit does not satisfy the requirements of Ind.Evidence Rule 803(6) (Hearsay Exceptions; Records of Regularly Conducted Business Activity).

A statement is not hearsay, however, if the statement is offered against a party and is the party's own statement, in either an individual or representative capacity, or is a statement by a person authorized by the party to make a statement concerning the subject. Evid.R. 801(d)(2)(A) and (C). Wolf is, of course, a party to the present case.

Wolf denied having signed Exhibit E; but the trier of fact also had before it an acknowledged copy of her actual signature and, from a comparison of the two, properly could have concluded that the signature on Exhibit E was, in fact, Wolf's signature. If so, then the statement qualifies as a statement of-

fered under Evid.R. 801(d)(2)(A) or (C). Wolf concedes that the balance of the exhibit "merely made statements relative to the group policy numbers." Kroger did not offer those statements to prove the truth of the matters asserted, so they are not hearsay. See Evid.R. 801(c).

█ Wolf next claims the trial court erroneously admitted Kroger's Exhibit F, which consists of the affidavit of Lynn Almeras and an attached letter. The affidavit shows that Almeras is the custodian of the records of Orthopaedics Indianapolis, Inc. The attached letter is a report from Dr. Donald S. Blackwell about a physical examination of Wolf he completed after the fall at Kroger. Wolf claims the exhibit does not satisfy the requirements of Ind.Evidence Rule 803(6), which provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness.

\* \* \* \* \* \*

**(6) Records of Regularly Conducted Business Activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony or affidavit of the custodian or other qualified witness, unless the source of information or the method or circumstance of preparation indicate a lack of trustworthiness. The term "business" as used in this Rule includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Further, according to Evid.R. 902, such records authenticate themselves:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following: ·

\* \* \* \* \* \*

**(9) Certified Domestic Records of Regularly Conducted Activity.** Unless the source of information or the circumstances of preparation indicate a lack of trustworthiness, the original or a duplicate of a domestic record of regularly conducted activity within the scope of Rule 803(6), which the custodian thereof or another qualified person certifies under oath (i) was made at or near the time of the occurrence of the matters set forth, by or from information transmitted by, a person with knowledge of those matters; (ii) is kept in the course of the regularly conducted activity; and (iii) was made by the regularly conducted activity as a matter of practice. A record so certified is not self-authenticating under this subsection unless the proponent makes an intention to offer it known to the adverse party and makes it available for inspection sufficiently in advance of its offer in evidence to provide the adverse party with a fair opportunity to challenge it.

In the affidavit of Exhibit F, Lynn Almeras states she is the custodian of the records, that the letter is an exact copy of the report in the records, that the record was made in the routine course of business at or near the time of the event recorded, that the report was made by Dr. Blackwell who had personal knowledge of the facts recorded, and that the record is of a type regularly kept and maintained by the business. Exhibit F satisfies the requirements of Evid.R. 803(6).

█ Wolf complains that Exhibit F contains hearsay, in the form of statements made to Dr. Blackwell from the radiologist at Hendricks County Hospital. The report notes that the radiologist had interpreted some x-ray results as basically normal, with some possible straightening of the cervical spine due to muscle spasm. Wolf's own Exhibit 2, admitted without objection, provides substantially the same information. The extraneous reference in Exhibit F was cumulative of Wolf's own evidence and did not affect her substantial rights.

█ Finally, Wolf claims she did not know of the intention to use the exhibits sufficiently in advance to provide her with a fair opportunity to challenge them. Wolf, however, has never advanced a challenge to the

authenticity of the exhibits and has not shown how the short notice affected her substantial rights.

## II

 The trial court refused to give to the jury Wolf's tendered Instruction No. 8, which states:

> The owner or occupier of property assumes the duty of making and keeping his property in a reasonably safe condition for invitees, including the duty of warning an invitee of latent or concealed peril not known to the invitee.

As Kroger notes, however, an invitor is not the insurer of the invitee's safety. *Bearman v. University of Notre Dame* (1983), Ind. App., 453 N.E.2d 1196, 1198. Before liability may be imposed on the invitor, it must have actual or constructive knowledge of the danger. *Id.*

As discussed below, the jury reasonably could have concluded that Kroger did not have actual or constructive knowledge of the danger involved in the present case. Wolf's instruction would have the invitor warn the invitee about dangers about which the invitor had no knowledge or which, by reasonable care, could not have discovered. The instruction is therefore an incorrect statement of the law. The trial court correctly instructed the jury that the owner is subject to liability only if it knows or by reasonable care would have discovered the condition. The trial court appropriately refused to give the instruction to the jury.

## III

 Because Wolf bore the burden of proof at trial, she appeals from a negative judgment. To prevail, she must demonstrate that the evidence points unerringly to a conclusion different from that reached by the jury. *See Buckland v. Reed* (1994), Ind.App., 629 N.E.2d 1241.

Wolf claims she slipped on an egg at approximately 2:00 p.m. in the dairy department. An employee for Kroger who had worked in the dairy department that day checked the aisle and "made sure that the aisleway was clear for the customers" before he left work at just after 2:00 p.m. Nothing was on the floor when he left. From the evidence, the jury was entitled to conclude that Kroger did not have actual or constructive knowledge of any danger and that Kroger did not breach its duty of care to Wolf.

Kroger was not Wolf's insurer. Wolf failed to carry her burden.

Judgment affirmed.

BAKER and DARDEN, JJ., concur.