SCHOOP'S RESTAURANT, Fairris–Markovich, LLC and Fairris–Markovich, LLC d/b/a Schoop's Restaurant, Appellants–Defendants,

v.

Marcia A. HARDY, Kenneth J. Hardy, Katelyn Hardy (a Minor) and Madison Hardy (a Minor), by and through their natural parents and next friends, Kenneth Hardy, Jr. and Christine Hardy; Kenneth Hardy, Jr. and Christine Hardy, Appellees–Plaintiffs.

No. 45A03–0607–CV–296.

Court of Appeals of Indiana.

April 2, 2007.

Robert F. Parker, Chad J. Melchi, Burke Constanza & Cuppy LLP, Merrillville, IN, Attorneys for Appellants.

Arlington J. Foley, Merrillville, IN, Attorney for Appellees.

## OPINION

VAIDIK, Judge.

### Case Summary

In this interlocutory appeal, Defendants Schoop's Restaurant, Fairris–Markovich, LLC, and Fairris–Markovich, LLC d/b/a Schoop's Restaurant (collectively,

"Schoop's Restaurant") appeal the trial court's denial of their motion for summary judgment against Plaintiffs Marcia A. Hardy, Kenneth J. Hardy, Madison Hardy and Katelynn Hardy by and through their natural parents and next friends Kenneth Hardy, Jr. and Christine Hardy, Kenneth Hardy, Jr., and Christine Hardy (collectively, "the Hardys") on their complaint for negligence arising out of an incident where the driver of a vehicle suffered a heart attack and crashed into the restaurant, injuring them. Because the only inference that can be drawn from the undisputed material facts in this case is that Schoop's Restaurant could not have foreseen this incident, Schoop's Restaurant did not breach its duty to exercise reasonable care to prevent harm caused by the foreseeable acts of third parties. We therefore reverse the trial court and order it to enter summary judgment in favor of Schoop's Restaurant.

### Facts and Procedural History

On the afternoon of June 6, 2004, David L. Pence, who was seventy years old, was driving his pickup truck southbound on U.S. 41 in St. John, Indiana. After passing 93rd Avenue, Pence suffered a heart attack, causing him to lose control of the truck, cross the centerline of U.S. 41, and drive into the two northbound lanes of travel, colliding with oncoming traffic. After the collision, Pence's truck continued in a southeastern direction, crossed a shallow ditch, and became airborne before jumping a curb on the east side of U.S. 41. The truck then traveled through a grassy area and entered the parking lot of Standard Bank, which is located at 9321 Wicker Avenue. After passing through the bank's parking lot, the truck jumped the curb that separated the bank from Schoop's Restaurant, which is located at 9401 Wicker Avenue, passed through the restaurant's parking lot, and struck the northwest wall of the restaurant. The following is the diagram of the incident included in the Indiana Officer's Standard Crash Report:

Appellants' App. p. 143.

The truck was traveling at approximately thirty-five miles per hour when it entered Schoop's Restaurant, crossed the interior dining area, and came to rest in the southwest corner of the building. Inside the restaurant, one person was killed, and nine people were injured. Three of the nine people injured were Marcia A. Hardy and her granddaughters, Madison Hardy and Katelynn Hardy. According to the crash report, Marcia received a "fracture/dislocation" to her "hip/upper leg," Madison, who was five years old at the time, received an injury to her "entire body" that was "no[t] visible," and Katelynn, who was two years old at the time, had "minor bleeding" to her "face." *Id.* at 148–50 (capitalization omitted). Pence, the driver of the truck, was taken to the hospital, where he was pronounced dead at 2:02 p.m., approximately forty-five minutes after the incident. The official cause of his death was "subacute myocardial infarction." *Id.* at 199.

On June 3, 2005, the Hardys filed a Complaint in Lake Circuit Court against Schoop's Restaurant alleging that Marcia, Madison, and Katelynn were "business invitees" at Schoop's Restaurant and that Schoop's Restaurant "owed [them] a duty of care ... to keep them free from unreasonable risk of harm which they breached by not providing a reasonably safe environment ... and that as a direct and proximate result of said breach of duty, [the Hardys] suffered ... damages, injuries, and losses...." *Id.* at 3–4. Kenneth J. Hardy, Marcia's husband, asserted a loss of consortium claim, and Kenneth Hardy, Jr. and Christine Hardy, parents of Madison and Katelynn, asserted an emotional distress claim.[1] On December

14, 2005, Schoop's Restaurant filed a Motion for Summary Judgment arguing that "a business owner owes no duty to invitees to protect them from runaway vehicles," that it "did not breach a duty owed to the Plaintiffs for failure to erect barricades or structures as the incident involving the errant Pence vehicle was unforeseeable," and that it was not the proximate cause of the Hardys' injuries. *Id.* at 123. The Hardys filed a Motion in Opposition to Defendant's Motion for Summary Judgment, in which it argued that "Schoop's Restaurant breached a duty to the Plaintiffs for failure to erect barricades and/or safety structures around the vicinity of their busy restaurant" and that Schoop's Restaurant was "the proximate cause of the injuries sustained by the Plaintiffs." *Id.* at 287. Following a hearing, the trial court issued an Order Denying Motion for Summary Judgment on May 10, 2006, which provides in pertinent part:

> [T]he Court finds that there are genuine issues of material fact remaining, which must be determined by the trier of fact upon presentation of the evidence, and that the remaining Defendants are not entitled to judgment as a matter of law. Specifically, the Court finds that genuine issues of fact remain concerning whether the incident that caused Plaintiffs' injuries was reasonably foreseeable, and whether the Defendants could have taken precautions to prevent the injuries. An entry of summary judgment is not appropriate at this time.

*Id.* at B–1–B–2. This interlocutory appeal ensued.

**Discussion and Decision**

Schoop's Restaurant raises two issues on appeal, only one of which we need to ad-

---

1. The Hardys also included a negligence claim against David L. Pence and the Estate of David L. Pence. However, both defendants have since been dismissed from the lawsuit with prejudice.

dress.[2] Specifically, it contends that the trial court erred in denying its motion for summary judgment against the Hardys. When reviewing a grant or denial of summary judgment, the standard of review is the same as the standard governing summary judgment in the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *N. Ind. Pub. Serv. Co. v. Bloom*, 847 N.E.2d 175, 180 (Ind.2006). Summary judgment should be granted only if the evidence designated pursuant to Indiana Trial Rule 56(C) shows that there is no genuine issue of material fact and the moving party deserves judgment as a matter of law. *Id.* All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party. *Id.*

■ To prevail on a theory of negligence, the Hardys must prove that: (1) Schoop's Restaurant owed them a duty; (2) Schoop's Restaurant breached the duty; and (3) their injuries were proximately caused by the breach. *See Winchell v. Guy*, 857 N.E.2d 1024, 1026 (Ind. Ct.App.2006). In negligence cases, summary judgment is rarely appropriate because they are particularly fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a jury after hearing all of the evidence. *Id.* (citing *Rhodes v. Wright*, 805 N.E.2d 382, 387 (Ind.2004)). Nonetheless, summary judgment is appropriate

when the undisputed material evidence negates one element of a negligence claim. *Id.*

■ On appeal, the parties first dispute whether Schoop's Restaurant owed a duty to Marcia, Madison, and Katelynn. Whether a defendant owes a duty of care to a plaintiff is a question of law for the court to decide. *N. Ind. Pub. Serv. Co. v. Sharp*, 790 N.E.2d 462, 466 (Ind.2003). In support of their respective positions, both parties rely upon the three-part balancing test in *Webb v. Jarvis*, 575 N.E.2d 992 (Ind.1991), *reh'g denied.*[3] However, in *Sharp*, the Indiana Supreme Court clarified:

> In our view, the three-part balancing test articulated in *Webb*, is a useful tool in determining whether a duty exists, but only in those instances where the element of duty has not already been declared or otherwise articulated. For example, there is no need to apply *Webb* to determine what duty a business owner owes to its invitees. The law in this area is well settled: "[p]roprietors owe a duty to their business invitees to use reasonable care to protect them from injury caused by other patrons and guests on their premises...."

790 N.E.2d at 465 (quotation omitted). Because the duty a business owner owes to its invitees already has been declared, it is unnecessary to apply the three-part balancing test announced in *Webb* to determine the duty Schoop's Restaurant owed

---

2. Schoop's Restaurant also contends that the trial court erred in denying its motion to strike the Hardys' Motion in Opposition to Defendant's Motion for Summary Judgment on grounds that it was not timely filed. Even assuming that the Motion in Opposition was not timely filed, given our resolution of the main issue on appeal, we do not need to address this issue. In addition, we note that the Hardys' Motion in Opposition only designated the Indiana Officer's Standard Crash

Report, which Schoop's Restaurant also designated.

3. According to *Webb*, the following factors must be analyzed to determine whether a duty exists: (1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured; and (3) public policy concerns. 575 N.E.2d at 995.

to Marcia, Madison, and Katelynn. *See id.; see also Lane v. St. Joseph's Reg'l Med. Ctr.*, 817 N.E.2d 266, 274 (Ind.Ct. App.2004) (Vaidik, J., concurring in part and dissenting in part). We already know. Schoop's Restaurant has a duty to use reasonable care to protect its invitees from injury. "This duty only extends to harm from the conduct of third persons that, under the facts of a particular case, is reasonably foreseeable to the proprietor." *Paragon Family Rest. v. Bartolini*, 799 N.E.2d 1048, 1052, 1053 (Ind.2003) ("There is no doubt, however, that reasonable foreseeability is an element of a landowner or business proprietor's duty of reasonable care."). Having determined the duty that Schoop's Restaurant owed to Marcia, Madison, and Katelynn, we believe the question becomes whether Schoop's Restaurant satisfied this duty by exercising reasonable care to protect Marcia, Madison, and Katelynn from the reasonably foreseeable acts of third persons. *See Winchell*, 857 N.E.2d at 1029.

■ Whether an act or omission is a breach of one's duty is generally a question of fact for the jury. *Id.* (citing *Sharp*, 790 N.E.2d at 466). "It can be a question of law where the facts are undisputed and only a single inference can be

drawn from those facts." *Id.* (quoting *Sharp*, 790 N.E.2d at 466). Although the parties appear to argue whether Schoop's Restaurant's failure to erect a barricade was a foreseeable proximate cause of the Hardys' injuries, we believe the more appropriate inquiry is whether Schoop's Restaurant's failure to erect a barricade constitutes a breach of its duty to exercise reasonable care to prevent harm caused by the foreseeable acts of third parties.[4] *See id.*

On appeal, the Hardys argue that Pence's actions in driving his truck from U.S. 41 to inside Schoop's Restaurant were foreseeable because there is a lot of traffic in the area. However, the Hardys did not designate any evidence to show that this incident was foreseeable, such as evidence regarding prior similar incidents involving vehicles and Schoop's Restaurant, traffic patterns in the area, the design of Schoop's Restaurant, the location of the restaurant in relation to U.S. 41 and other roads, or the adequacy and safety of the parking lot, curbs, and other such things at the restaurant. As such, the material facts in this case are undisputed. As Schoop's Restaurant succinctly summarizes in its brief, these facts are that

4. In its brief, Schoop's Restaurant relies heavily on *Fawley v. Martin's Supermarkets, Inc.*, 618 N.E.2d 10 (Ind.Ct.App.1993), *trans. denied*, and as a result, the Hardys attempt to distinguish *Fawley* in their brief. In *Fawley*, this Court first held that Martin's "duty to use reasonable care to protect its business invitees did not include a duty to protect the Fawleys from errant vehicles or intoxicated drivers whose vehicles negligently or recklessly are propelled over the existing three-inch curb and onto the sidewalk." *Id.* at 14. However, the *Fawley* Court relied upon *Webb* in so holding. In light of more recent Indiana Supreme Court authority, *see, e.g., Sharp*, 790 N.E.2d at 465, because a business owner's duty to its invitees has already been established, this is an improper analysis of duty. The *Fawley* Court then went on to hold, al-

most in passing, that Martin's was not the proximate cause of the Fawleys' injuries because "[n]ot only was the incident unforeseeable, Dr. Martinov's negligent operation of his vehicle while he was intoxicated was the sole cause of the Fawleys' injuries." *Id.* Schoop's Restaurant seizes on this portion of the opinion to argue that there is no proximate cause in this case either. However, as Judge Barnes recently expounded in *Winchell*, this question appears to be more of an issue of breach than proximate cause. 857 N.E.2d at 1029. The confusion in this area of the law is even confirmed by *Fawley* itself, where the ultimate conclusion in that case was that Martin's "[did] not breach[] its duty of reasonable care to [the Fawleys]," and breach was not discussed at any other point in the opinion. 618 N.E.2d at 14.

a runaway vehicle operated by a driver who suffered a heart attack managed to collide with vehicles in two lanes of oncoming traffic, leave a busy roadway, enter a ditch before becoming airborne, jump a curb, travel through a grassy lawn, traverse an empty bank parking lot avoiding signs, hydrants and poles, jump a second curb, and traverse the Restaurant parking lot before finally colliding with the wall of the Restaurant structure.

Appellants' Br. p. 6–7. The only inference that can be drawn from these undisputed facts is that Schoop's Restaurant could not have foreseen this incident. As such, we conclude as a matter of law that Schoop's Restaurant did not breach its duty to exercise reasonable care to prevent harm caused by the foreseeable acts of third parties by failing to erect a barricade. Because the undisputed material evidence negates the breach element of the Hardys' negligence claim, summary judgment in this case is appropriate. We therefore reverse the trial court and remand with instructions for the court to enter summary judgment in favor of Schoop's Restaurant.

Reversed and remanded.

BAILEY, J., and BARNES, J., concur.