## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANTS

Edward W. Hearn
Susan K. Swing
Johnson & Bell, P.C.
Crown Point, Indiana

ATTORNEYS FOR APPELLEES

Thomas Sean Stipp
George T. Catanzarite
Stipp Law, LLC
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Family Dollar Stores of Indiana, L.P., Family Dollar Holdings, Inc., and Baugo Creek Realty, LLC,

*Appellants-Defendants,*

v.

Charissa A. Heeter, Anthony P. Heeter, Individually and as Natural Parents and Guardians of Lily J. Heeter, a minor, and Brionna C. Linner, a minor by Ashley C. Linner, Natural Parent and Guardian,

*Appellees-Plaintiffs*

August 20, 2015

Court of Appeals Case No. 71A04-1412-CT-569

Appeal from the St. Joseph Circuit Court

The Honorable Michael G. Gotsch, Sr., Judge

Case No. 71C01-0909-CT-119

**Crone, Judge.**

# Case Summary

[1]   Charissa A. Heeter, her daughter Lily J. Heeter, and her niece Brionna C. Linner (collectively "the shoppers") were injured when a motorist parking a car drove it over a sidewalk curb and crashed into the front of the Family Dollar Store where they had been shopping. Charissa and her husband Anthony P. Heeter sued Family Dollar Stores of Indiana, L.P., Family Dollar Holdings, Inc., and Baugo Creek Realty, LLC (collectively "Appellants"), both individually and on Lily's behalf, and Brionna's mother Ashley C. Linner sued Appellants on Brionna's behalf. In their negligence complaint, the plaintiffs (collectively "Appellees") alleged that Appellants breached their duty of reasonable care to the shoppers "by failing to provide protective barriers preventing motor vehicles intending to park facing the store from coming onto the sidewalk and injuring patrons." Appellants' App. at 28. Appellants filed a motion for summary judgment asserting that they did not owe the shoppers a duty to erect such barriers. The trial court denied the motion, and Appellants brought this interlocutory appeal.

[2]   It is well settled that Appellants owed a duty of reasonable care to the shoppers, as business invitees, to protect them from harm caused by the reasonably foreseeable acts of third persons. The question here is whether Appellants breached that duty by failing to install protective barriers, which requires a determination of whether the motorist's conduct was reasonably foreseeable by Appellants under the facts of this particular case. Appellants had the burden of demonstrating the absence of a genuine issue of material fact regarding

foreseeability, which they did not do. Therefore, we affirm the denial of their summary judgment motion and remand for further proceedings.

## Facts and Procedural History

In June 2009, Charissa, Lily, and Brionna went shopping in a Family Dollar Store in a South Bend strip mall owned by Baugo Creek Realty. As they were leaving the store, Joseph Makowski was attempting to park a car in a space perpendicular to a raised sidewalk in front of the store. The car jumped the curb and crashed into the store, injuring the shoppers.[1]

Appellees filed a negligence complaint against Appellants alleging that they breached their duty of care to the shoppers "by failing to provide protective barriers preventing motor vehicles intending to park facing the store from coming onto the sidewalk and injuring patrons." *Id*.[2] Appellants filed a motion for summary judgment asserting that they did not owe the shoppers a duty to erect such barriers and that their actions were not the proximate cause of the

---

[1] In her deposition, Charissa testified that she did not remember whether she and the others were inside or outside the store at the time of the crash. Appellants claim that the sidewalk was "approximately 8-12 inches high" and "12-foot wide[.]" Appellants' Br. at 3. Appellees point out that other than two photographs of the accident scene, there is no designated evidence to support these claims. Likewise, there is no designated evidence to support Appellants' assertion that Makowski "was operating the motor vehicle while under the influence of excessive amounts of morphine." *Id*. at 2.

[2] Appellees also filed suit against Makowski and the owner of the car, both of whom settled with Appellees.

shoppers' injuries. After a hearing, the trial court denied Appellants' motion and ultimately certified its ruling for interlocutory appeal.[3]

## Discussion and Decision

[5] Appellants contend that the trial court erred in denying their motion for summary judgment on Appellees' negligence claims. When reviewing a trial court's summary judgment ruling, we apply the same standard as that used in the trial court. *Giles v. Anonymous Physician I*, 13 N.E.3d 504, 509 (Ind. Ct. App. 2014), *trans. denied* (2015).

> Summary judgment is appropriate only where the designated evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). The moving party bears the initial burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. If the moving party meets this burden, then the non-moving party must designate evidence demonstrating a genuine issue of material fact. "[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." T.R. 56(E). When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim.

---

[3] Appellees included the transcript of the summary judgment hearing and a subsequent hearing in their appendix in contravention of Indiana Appellate Rule 50(F), which states, "Because the Transcript is transmitted to the Court on Appeal pursuant to Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix."

*Id.* at 509-10 (some citations and quotation marks omitted).  A trial court's summary judgment ruling is clothed with a presumption of validity, and the appellant has the burden of establishing that the trial court erred.  *Id.* at 510.

[6]     "To prevail on a claim of negligence, the plaintiff must prove:  (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant, and (3) an injury to the plaintiff as a proximate result of the breach."  *Handy v. P.C. Bldg. Materials, Inc.*, 22 N.E.3d 603, 608 (Ind. Ct. App. 2014), *trans. denied* (2015).  "The duty, when found to exist, is the duty to exercise reasonable care under the circumstances. The duty never changes.  However, the standard of conduct required to measure up to that duty varies depending upon the particular circumstances."  *Stump v. Ind. Equip. Co.*, 601 N.E.2d 398, 402 (Ind. Ct. App. 1992), *trans. denied* (1993).

> Whether a defendant owes a duty of care to a plaintiff is a question of law for the court to decide.  Whether a particular act or omission is a breach of duty is generally a question of fact for the jury.  It can be a question of law where the facts are undisputed and only a single inference can be drawn from those facts.

*NIPSCO v. Sharp*, 790 N.E.2d 462, 466 (Ind. 2003) (citations omitted).  Summary judgment is rarely appropriate in negligence actions.  *Rhodes v. Wright*, 805 N.E.2d 382, 387 (Ind. 2004).  "This is because negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a jury after hearing all of the evidence."  *Id.*

"[A]n individualized judicial determination of whether a duty exists in a particular case is not necessary where such a duty is well-settled," as in this case. *Paragon Family Rest. v. Bartolini*, 799 N.E.2d 1048, 1052 (Ind. 2003).[4] As customers of the Family Dollar Store, the shoppers were business invitees. *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012). "A landowner has a duty to exercise reasonable care to protect an invitee while the invitee is on the landowner's premises." *Meyer v. Beta Tau House Corp.*, 31 N.E.3d 501, 512 (Ind. Ct. App. 2015). "[T]he duty of a business to exercise reasonable care extends to keeping its parking lot safe and providing a safe and suitable means of ingress and egress." *Paragon*, 799 N.E.2d at 1052. A business also owes a duty to its invitees to use reasonable care to protect them from "harm from the conduct of third persons that, *under the facts of a particular case,* is reasonably foreseeable to the proprietor." *Id*. (emphasis added).

The question, then, is not whether Appellants owed the shoppers a duty of reasonable care; they indisputably did as a matter of law. Rather, the question goes to the scope of that duty, that is, whether Appellants breached it by failing to install barriers to protect the shoppers from being injured by motorists driving onto the sidewalk in front of the store. And to answer that question, one must

---

[4] Consequently, we are unpersuaded by Appellants' reliance on *Fawley v. Martin's Supermarkets, Inc.*, 618 N.E.2d 10 (Ind. Ct. App. 1993), *trans. denied*, in which another panel of this Court used the balancing test enunciated by our supreme court in *Webb v. Jarvis*, 575 N.E.2d 992 (Ind. 1991), to determine whether a grocery store owed a duty of care to customers injured by a motorist who drove onto a sidewalk adjacent to the store. *See Sharp*, 790 N.E.2d at 465 ("[T]here is no need to apply *Webb* to determine what duty a business owner owes to its invitees."). We also find the analysis in *Fawley* problematic for the reasons stated in *Schoop's Restaurant v. Hardy*, 863 N.E.2d 451, 455 n.4 (Ind. Ct. App. 2007).

determine whether such conduct was reasonably foreseeable to Appellants under the facts of this particular case. *Id.*

[9] Appellants contend that they are entitled to summary judgment because Appellees "failed to designate any evidence that this incident was foreseeable[.]" Appellants' Reply Br. at 10. But this argument misapprehends Indiana's summary judgment standard, under which "the party seeking summary judgment must demonstrate the absence of any genuine issue of fact as to a determinative issue, and only then is the non-movant required to come forward with contrary evidence." *Jarboe v. Landmark Cmty. Newspapers of Ind., Inc.*, 644 N.E.2d 118, 123 (Ind. 1994). Thus, Appellants had the initial burden of demonstrating the absence of any genuine issue of fact as to foreseeability, and this they did not do. Consequently, we affirm the trial court's denial of their summary judgment motion and remand for further proceedings.[5] *Cf. Schoop's Rest. v. Hardy*, 863 N.E.2d 451, 455-56 (Ind. Ct. App. 2007) (reversing denial of summary judgment and holding that restaurant did not breach its duty to protect injured patrons by failing to erect barricade because incident was unforeseeable as a matter of law; undisputed facts were that "a runaway vehicle

---

[5] In their initial brief, Appellants also contend that they are entitled to summary judgment on the issue of proximate cause. Appellees assert that Appellants may not raise this issue because it was not "certified for review" in the trial court's order granting Appellants' motion for interlocutory appeal. Appellees' Br. at 1. Appellants do not respond to this assertion in their reply brief. We remind the parties that "trial courts properly certify orders, not specific questions or issues, for interlocutory appeal." *Howard v. Am. Family Mut. Ins. Co.*, 928 N.E.2d 281, 285 n.3 (Ind. Ct. App. 2010). Nevertheless, because "[a]n injury may have more than one proximate cause" and "[p]roximate cause is generally a question of fact," *Hellums v. Raber*, 853 N.E.2d 143, 146 (Ind. Ct. App. 2006), we find no grounds for reversal on this issue.

operated by a driver who suffered a heart attack managed to collide with vehicles in two lanes of oncoming traffic, leave a busy roadway, enter a ditch before becoming airborne, jump a curb, travel through a grassy lawn, traverse an empty bank parking lot avoiding signs, hydrants and poles, jump a second curb, and traverse the Restaurant parking lot before finally colliding with the wall of the Restaurant structure.") (citation to brief omitted).

[10]  Affirmed and remanded.

Brown, J., and Pyle, J., concur.